## COLINE OIL CORP. v. BURROWS et al.

No. 22343. Opinion Filed Nov. 17, 1931.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for petitioners.

Reid, Lewis & Reid, for respondent.

CLARK, V. C. J. This is an original action in this court by petitioner to review an award of the State Industrial Commission, made and entered on the 9th day of April, 1931, in favor of Charley Burrows, respondent herein. The Industrial Commission found:

"(1) That on the 6th day of November, 1930, claimant was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, in the nature of a sprained back.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $4.50 per day.

"(3) That claimant has been paid compensation at the rate of $17.31 a week from November 8th, the date the claimant was compelled to quit work on account of said accidental injury, to February 1, 1931, or for a total of 11 weeks and three days beyond the five days waiting period.

"(4) That the claimant at this time is unable to perform ordinary manual labor by reason of said accidental injury.

"Upon consideration of the foregoing facts, the Commission is of opinion that the motion of respondent and insurance carrier to discontinue compensation as of February 1, 1931, should be and the same is herein overruled."

And the Commission ordered respondent and insurance carrier therein to continue paying compensation to claimant therein until otherwise ordered by the Commission.

It is this order and award which petitioner seeks to review.

The petitioner presents its contentions under three propositions in its brief as follows:

"(1) The State Industrial Commission erred in finding that claimant sustained an accidental injury on November 8, 1930, arising out of and in the course of his employment, in the nature of a sprained back, for the reason that there is no competent evidence in the transcript of the record upon which to base that finding.

"(2) The Commission erred in finding that the disability of claimant resulted from accidental injury, for the reason that there is no competent evidence in the record upon which to base such finding."

"(3) The Commission erred in awarding the claimant compensation for a disability which, under the evidence, resulted from focal infection present in his body prior to the date of the alleged injury, and in no way connected with his employment."

The record discloses that respondent had been in the employ of petitioner for about two years previous to the 8th of November, 1930, as a helper on a truck engaged in loading and unloading oil field equipment, at a wage of $4.50 per day. That prior to November 6, 1930, he had never had anything wrong with his back and had not suffered any loss of time, and had never had any injury before that time. That on the 6th day of November, 1930, he received an injury while loading some gate valves which weighed about 150 to 200 pounds; that while lifting them there came a pain in his back, lower part of his back, and continued to

hurt him; that he tried to work until the 8th of November, 1930, and started lifting a truck bolster, and had to quit on account of the pain in his back, hip, and down his left leg. That he was sent to a doctor by petitioner, that he was taken to a hospital on January 30th and kept there until February 6th. That he is unable to perform manual labor; that he suffers pain in his back and legs, and more so when he is moving around.

Dr. J. T. Martin testified that he examined respondent in January and that he was running a rapid pulse and a steady temperature daily, and testified to certain tenderness he found.

Other doctors testified as to certain tenderness they found in examinations of respondent in February.

The record discloses from the examinations of the physicians who examined respondent that he had a focal infection as a result of the condition of his teeth. Also that the sprain contributed to the localization of the focal infection; that a focal infection followed by a sprain would contribute to the disability of respondent; that the injury sustained by respondent caused the focal infection to light up at that point and produced his present condition; that as to how long the respondent will be totally disabled depends upon removing the focal infection and clearing it up.

In the case of Wilson & Co. v. State Industrial Commission, 148 Okla. 206, 298 Pac. 271, this court in the 1st paragraph of syllabus said:

"The finding of the Industrial Commission that respondent received an accidental injury arising out of and in the course of his employment is a finding of fact, and the decision of the State Industrial Commission is binding on this court and will not be disturbed on review where there is any competent evidence supporting the same."

The Circuit Court of Appeals, Eighth Circuit, 24 Fed. (2nd) 926, said in the case of Warlop v. Western Coal & Mining Company:

"Workmen's Compensation Acts are not limited in their benefits to perfectly healthy employees."

In the case of Christian v. Hanna et al., 144 Okla. 89, 289 Pac. 708, this court in the 4th paragraph of syllabus said:

"Where an employee engaged in a hazardous occupation within the provisions of the Workmen's Compensation Act has a latent or dormant infectious disease, unknown to him, and receives an accidental injury which aggravates or excites the latent or dormant disease to virulency or activity, the injury, including the effects of infection, is compensable under said act."

Also in the case of Shell Petroleum Corporation v. Moore, 147 Okla. 243, 296 Pac. 390, in the 2nd paragraph of syllabus, this court said:

"Where respondent, having a pre-existing arthritic condition of the back which at some uncertain and undetermined time in the future might cause him to become totally incapacitated, was injured by a heavy piece of lumber falling upon him, resulting in immediate temporary total disability, held that he was entitled to full compensation for temporary total disability."

A review of the record in the case at bar discloses there was competent evidence to support the findings of the Industrial Commission. Judgment and award is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation, § 116. (3) 60 A. L. R. 1323; 28 R. C. L. 817, 820; R. C. L. Perm. Supp. p. 6240; R. C. L. Pocket Part, title "Workmen's Compensation," § 102.