**LOFFLAND BROS. et al. v. MORGAN et al.**

No. 22754. Opinion Filed Dec. 8, 1931.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action in this court by petitioners to review an award of the State Industrial Commission, made and entered on the 24th day of July, 1931, in favor of Percy Morgan, respondent herein.

The Industrial Commission found:

"(1) That on December 22, 1930, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, to wit, an injury to his back.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $7.50 per day.

"(3) That by reason of said accidental injury the claimant was temporarily totally disabled from the performance of ordinary manual labor from December 23, 1930, to February 9, 1931, or for six weeks beyond the five days waiting period.

"(4) That as a result of said accidental injury claimant's wage-earning capacity thereafter, in the same employment, or otherwise, has decreased from $7.50 a day to $2 per day."

And further found that, by reason of the foregoing facts, by reason of claimant's partial disability, claimant is entitled to 66⅔ per centum of the difference between his average weekly wage at the time of the accidental injury and his wage-earning capacity thereafter, or the sum of $18 per week, payable during the continuance of such permanent disability, not to exceed 300 weeks. And made an order for the payment of the amounts due thereunder.

It is this order and award which petitioners seek to review.

The petitioners contend:

(1) The said award is excessive, is not sustained by sufficient evidence, and is contrary to law.

(2) No proximate or causal connection is shown between the injury of December 22, 1930, and the alleged disability, and the Commission has failed to take into account the fact that the disability is due principally to previous serious injuries to claimant's back, for which compensation was duly allowed and paid.

(3) No correct finding is made as to the extent of partial disability. Such a finding is simply inferred generally in the award.

An examination of the record will disclose that respondent had been in the employ of petitioner, Loffland Bros., for something over a year, first as rough-neck and then at the time of the injury a member of the casing crew. That as a rough-neck he drew $7.50 per day and at the time of the injury was drawing $12 per day as a member of the casing crew. That on the 22nd day of December, 1930, respondent, while laying drill pipe, was running back and the flow lines slipped and he suddenly fell and the wagon hit him, and that the entire crew witnessed his accident, including the driller. That he was able to return to work in a little while after the accident and did not think that he was injured as bad as he was. That after the accident he took up another position, something that he could do, and worked the next day. That he was unable to return to work the day following that. That he reported his accident to the bookkeeper and to Dr. Musick, a doctor for the petitioner herein, who taped his back, and respondent remained in the care and treatment of Dr. Musick something like ten days. That after this treatment he went to his home, and has been unable to perform manual labor since the said injury. That he

has done some light work on the farm, but has been unable to follow any gainful occupation. That the disability is in the spinal column. That his back is stiff. That he can only stoop over a little. That he has received treatment from his doctor at Elmore City since the injury and quit because he was not able to pay the doctor.

That prior to this injury the respondent had, on the 9th day of January, 1925, received an injury by way of fracture of the 3rd and 4th lumbar, while working in the employ of B. & A. Drilling Company, and that later, on April 2, 1925, while in the employ of J. S. Nelson, while still practically disabled from the injury received in January, 1925, he received another injury and on the first day's employment with the said J. S. Nelson became temporarily totally disabled. That respondent was paid compensation for the injuries received in 1925. That for the old injuries he was treated by Dr. Earl McBride. That on account of the old injuries received in 1925, he was off from work for about a year. That since the old injury his back has, been somewhat stiff. That prior to the injury on December 22, 1930, and subsequent to the injuries received in 1925, the respondent has been able to perform the duties of a rough-neck in the oil fields for practically four years prior to the injury received on December 22, 1930, and worked the majority of the time during the four years; however, his back bothered him some for a few days at a time. That prior to the injury of December 22, 1930, he had not laid off on account of his back since he had been working for the petitioner herein, which was about a year, and that the last time he laid off on account of his back was a while before he began work for the petitioners herein. That the 3rd year prior to his last injury, he worked for Smith and McDonald in the oil field work as a rotary driller and that his back was able to perform most of the duties at that time.

Dr. B. H. Musick testified that he examined the respondent on December 24, 1930, and took X-rays and it showed an old compressed fracture of the 3rd and 4th lumbar vertebrae. The examination revealed tenderness along the spine. That the patient was not able to reach to the foot. The flexion of the lumbar spine was limited. That it was his opinion that respondent had a strain on top of the old injury. That he did not see how the respondent could work at all. That he might work a few days; that from that class of cases there would be a great deal of pain and stiffness. That his X-ray disclosed that the two bones were separated.

The statement of Dr. McBride, dated May

24, 1926, who examined the respondent with reference to the old injury, was admitted in evidence and disclosed that he had treated the respondent in 1925, and that from his last examination determined that the 3rd and 4th lumbar vertebrae seemed to have completely grown together. That they were bound together in the form of a new bone and callous material until they met and formed a single bone. This examination was June 16, 1925.

Section 7290, C. O. S. 1921, as amended by the Session Laws of 1923, ch. 61, sec. 6, subd. 6, reads as follows:

"The fact that an employee has suffered previous disability, or received compensation therefor, shall not preclude him from compensation for a later injury; but in determining compensation for the later injury his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury."

In the case of Cromwell Franklin Oil Co. v. Cox, 147 Okla. 226, 296 P. 446, in the first paragraph of the syllabus, this court said:

"The testimony of an injured employee before the Industrial Commission who testifies to facts within his own knowledge, stating the character and nature of his injury, and the immediate disability resulting therefrom, is admissible to prove an injury to himself."

The benefits provided for in the Industrial Law to compensate the injured workmen for injuries received while engaged in a hazardous occupation are not limited to perfectly healthy workmen; and in the case of Magnolia Petroleum Co. v. Snapp, 149 Okla. 51, 299 P. 137, in the second paragraph of the syllabus, this court said:

"Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Act, aggravates a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor, under the provisions of section 7290, C. O. S. 1921, as amended by the Session Laws of 1923, ch. 61, sec. 6, subd. 6."

Construing the testimony introduced in the case at bar, of Dr. McBride, showing the prior injury of fracture of the 3rd and 4th lumbar vertebrae having completely grown together and a new bone having been formed, and the testimony of Dr. Musick, who examined the respondent after the injury of December 22, 1930, showing that these bones were separated at the time of his examination, and the further fact that the evidence shows that the respondent had worked in the oil fields the majority of the time for four years after receiving the old injuries, prior to the last injury, and especially had worked for the petitioner for over a year prior to the time of the present injury in the oil fields as a rough-neck and member of the casing crew, without having laid off on account of his back, and that he had been unable to perform manual labor since the injury of December 22, 1930, under section 7290, C. O. S. 1921, as amended by the Session Laws of 1923, ch. 61, sec. 6, subd. 6, and the decisions of this court, is sufficient to support the award.

An award of the State Industrial Commission will not be disturbed by this court if there is any competent evidence reasonably tending to support the same, and it is our opinion that there is competent evidence in the record reasonably tending to support the award, and the same is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116 (4) Annotation in L. R. A. 1917D, 110, 129; 19 A. L. R. 95; 28 A. L. R. 204; 60 A. L. R. 1299; 28 R. C. L. 816, 817; R. C. L. Perm. Supp. pp. 6240, 6241; R. C. L. Pocket Part, title Workmen's Compensation, § 102.