## OKLAHOMA GAS & ELECTRIC CO. et al. v. SLOCUM et al.

No. 23251. Opinion Filed Sept. 6, 1932.

Rehearing Denied Oct. 18, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Duncan & DeParade and Emerson & Carey, for respondents.

RILEY, J. On December 7, 1931, the State Industrial Commission found that Clyde J. Slocum, while engaged in the hazardous employment of the Oklahoma Gas & Electric Company, sustained an accidental injury to his left hip joint, on April 29, 1930, by stepping off of a barrel with a 75-pound steam value; that he was temporarily totally disabled from April 29, 1930, to September 10, 1931. He was awarded $1,-149.55, and a continuing weekly sum of $13.85, until otherwise ordered.

Slocum testified that his fellow employees, Raney and Culvey, at Harrah, were endeavoring to remove and lower to the floor, a distance of 20 feet, a steel valve weighing from 75 to 90 pounds; that barrels waist high were stacked on end in stairstep fashion; that he placed the valve on his shoulder and walked down the barrel stair, and in so doing his legs were at right angles; that they were five or six barrels high; that when he stepped off on the cement floor he noticed a pull or strain in his left thigh; that he did not slip or twist his body; that he was in "a perfectly natural movement for an everyday workingman"; that he carried the valve to a work bench and felt a pain, but it was not serious. He worked until quitting time, drove six miles home, never gave his hurt a serious thought, but woke up during the night with some pain; went to work next day; that his injured member was not swollen; quit work at 12 noon, had a catch in his leg, went to a Dr. Griggs at Harrah, had his leg bandaged, reported to the foreman and superintendent, was sent to the hospital, where he remained 66 days, and is now unable to use his leg.

Raney and Culvey testified that the valve was not removed on April 29th, but on the 30th, and that when it was removed it was not carried down as stated by Slocum, but was lowered to the floor by means of a rope.

Dr. Griggs, who first treated Slocum, testified that he inquired of Slocum when he got hurt, "and he said he did not get hurt," that the pain began in the night.

Clarence Culvey testified that not Slocum but he carried the valve to the bench (R. 76).

W. J. Brown, chief engineer, testified that upon his inquiry Slocum said in reference to his disability—"Well I am honest, as I really do not know where and when and how it happened" (R. 84).

Dr. John W. Riley testified that he examined Slocum on April 30th, that the patient gave a history of the disability, saying he noticed no injury or trauma on April 29, 1930, but a slight catch in his thigh after working hours; that Slocum never at any time mentioned an accident. Dr. Riley diagnosed the condition of Slocum as sub-acute arthritis—left hip, caused by infection unrelated to trauma, no lesions of

the skin, no swelling, no black or blueness, no evidence of trauma.

Dr. Earl D. McBride testified that the disability of claimant was infectious arthritis, and that trauma could not have caused it. That a six or eight-month healing period would be required, and that the resultant disability would be 75 per cent. loss of use of the left leg.

Dr. Stratton E. Kernodle diagnosed the case as infectious arthritis disassociated with trauma.

Dr. Basil A. Hayes diagnosed the case as suppurative arthritis not caused by trauma.

Dr. Charles N. Berry, basing his testimony upon the history given him by Slocum, i. e., that he stepped from barrels three feet high carrying a valve weighing 100 pounds, experiencing pains and discomfort of the left hip joint at the time, concluded that the case was one of infectious arthritis, but caused to manifest itself by trauma; i. e., the jolts in walking down the barrel stair with a weight on his shoulder.

Dr. B. H. Moore, by his testimony, corroborated the medical views of Dr. Berry, attributing the cause of Slocum's disability to infectious arthritis occasioned by trauma resultant from the act of walking down the barrel stairway as stated in the hypothetical question asked.

The Commission elected to believe Slocum's testimony relative to the fact of ladened descent of the improvised stairway and to reject the evidence of Slocum's associates to the absolute contrary. Under the statutory rule the finding of fact by the Commission is conclusive where there is evidence to support it. There is such evidence.

Petitioners contend that Slocum's injury was not accidental; that it did not arise out of his employment and that there was no causal connection between the disability and the employment, for that his stepping down the barrels was an ordinary movement and he was in a condition where the bacterial infection would set up an arthritis at any time with any such normal movement.

Our conclusion is to the contrary. It is no normal movement for a man to step down a waist-high stair of five or six steps, laden or unladen. The evidence of petitioner warrants this conclusion. Witnesses testified they could not perform the act. Now, assuming that Slocum removed the valve in the manner he stated, there may have been a jolting sufficient to cause a trauma, which trauma caused the arthritis to manifest itself in the hip joint of the workman, according to the expert testimony of Drs. Berry and Moore. If trauma was foreseen there was no accident, for it was not unexpected, but here Slocum testifies the act was a perfectly natural movement for an everyday workman.

The rule applicable is that the fact that an employee was suffering from a diseased condition does not necessarily bar him from a right to compensation in case of injury and disability, but an award may be had in case of a disability which was proximately caused by an accident or personal injury arising out of and in the course of the employment, which accelerated or aggravated an existing disease. 19 A. L. R. 96; 28 A. L. R. 205; 60 A. L. R. 1300, notes.

It is also contended that the award is in error for it allows payment for temporary disability to date of the order December 7, 1931, and continuing until further ordered, whereas, "the only testimony as to the man's temporary total disability and healing period was introduced on July 28, 1930."

There is no merit in this contention. The expert testimony was to the effect that Slocum's healing period would be six or eight months (R., 97).

Award sustained.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents. CLARK, V. C. J., and SWINDALL, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116. (2) annotation in 19 A. L. R. 96; 28 A. L. R. 204; 60 A. L. R. 1299; 28 R. C. L. 816; R. C. L. Perm. Supp p. 6240; R. C. L. Pocket Part, title Workmen's Compensation, § 102.