FAIRMONT CREAMERY et al v. LOWE et al.

No. 23859. Opinion Filed Oct. 18, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Gordon Fuller, for respondent. Mrs. Alzina Lowe.

CULLISON, J. This is an original proceeding before this court to review an order and award of the State Industrial Commission rendered June 25, 1932, in case No. A-67563, styled "Mrs. Alzina Lowe v. Fairmont Creamery and United States Fidelity & Guaranty Company," wherein the Commission made the following pertinent findings and order:

"Finding No. 1. That on the 21st day of October, 1931, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, she sustained an accidental personal injury, arising out of and in the course of her employment, consisting of 'internal 'injuries when she slipped on a wet concrete floor and fell.

"Finding No. 2. That by reason of said accidental injury, claimant has been temporarily totally disabled, and is temporarily totally disabled at the present time to do the ordinary manual labor which she had been doing."

"Order. It is therefore ordered: That within 15 days from this date, the respondent or insurance carrier pay to the claimant the sum of $231, less any sum or sums heretofore paid on her temporary total disability, or compensation from the date of the injury, October 21, 1931, less the five-day waiting period to June 25, 1932, less

any sum or sums heretofore paid, and to continue paying compensation thereafter for a period not to exceed 300 weeks, or until otherwise ordered by the Commission; and respondent or insurance carrier to pay all reasonable and necessary medical, doctor, and hospital bills incurred by reason of said accidental injury, and tender further necessary and reasonable medical care. * * *"

Petitioners contend for a reversal of said award and rely therefor upon the proposition that "There is no evidence to support the finding that the claimant is totally disabled due to the injury."

An examination of the record upon this point discloses that, on October 31, 1931, while employed by the Fairmont Creamery in the city of Guthrie, claimant slipped on the floor of her employer's premises, which was covered with blood and water, and as a result thereof fell and so injured herself that she had to have assistance in getting up, and was in such a condition that the aforesaid employer obtained an ambulance to take her home, calling Dr. Ringrose immediately. Dr. Ringrose treated claimant for about three and a half months. Claimant's testimony is to the effect that, prior to October 21, 1931, she was strong, had never had any ill health, had sometimes worked as much as 14 hours a day for the Fairmont Creamery, and that since said accident she has been confined to her bed most of the time, and is unable to do even light housework. Dr. Ringrose testified that claimant could not perform labor at the present time; that she was in a sickened and weakened condition; and that her condition was due to a combination of gall bladder stones and the accident. He further testified that claimant's injury would serve to aggravate and make worse anything that was not normal with claimant at the time of the injury, and that claimant's bruised condition was due to the position in which claimant fell, jamming her whole abdominal contents down.

Dr. Charles B. Taylor's report contains the following: "On October 21, 1931, while working in the dairy, she fell on the concrete floor. She was not unconscious at the time, but was assisted in getting up. She went to bed immediately and has been in bed most of the time since," and intimates strongly that claimant's condition is not due to the injury, but is due to a stone in the gall bladder as revealed by X-ray. It will be observed that Dr. Wallace, appointed by the Commission to examine claimant, who was not represented by counsel, reported specifically that no stones were found.

It will be observed that petitioners paid claimant compensation for her temporary total disability from October 21, 1931, to February 21, 1932, or a period of four months, and that claimant's testimony is undisputed that she has been unable to perform labor since the accident.

Under this state of the record, the contention of petitioners that the record contains no evidence to support the finding that the claimant is totally disabled as a result of the injury cannot be sustained under the holding of this court in the case of Coline Oil Corp. v. Burrows, 153 Okla. 116, 3 P. (2d) 230:

"The findings of the Industrial Commission that respondent received an accidental injury arising out of and in the course of his employment, the extent of said disability by reason of said injury, and whether or not said disability had ceased, are findings of fact, and the decision of the State Industrial Commission is binding on this court and will not be disturbed on review where there is any competent evidence supporting the same."

Under the law announced in the case of Superior Smokeless Coal & Mining Co. v. Shamblin, 148 Okla. 193, 298 P. 247, and petitioners' theory of the case at bar, considered with the evidence adduced, the award must be sustained. In that case the court held:

"Where an employee engaged in a hazardous occupation within the provisions of the Workmen's Compensation Act has a latent or dormant disease and receives an accidental injury which aggravates or excites the latent or dormant disease to virulency or activity, the injury, including the effects of the disease, is compensable under said act."

A review of the record discloses that there was competent evidence to support the findings of the Industrial Commission. The award of the Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.