## MID-KANSAS OIL & GAS CO. v. STATE INDUSTRIAL COM. et al.

No. 23901.   May 2, 1933.

Rehearing Denied May 31, 1933.

Application for Leave to File Second Petition For Rehearing Denied June 6, 1933.

A. M. Gee and H. G. Ross, for petitioners.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., and W. E. Crowe, for respondents.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission in favor of Thomas R. Martin against the Mid-Kansas Oil & Gas Company, arising under the Workmen's Compensation Act.

The record shows that claimant was in the employ of the petitioner as an oil pumper, and on June 7, 1926, while lighting gas under a boiler, an explosion occurred and the flame struck him in the face, causing some injury to his eyes; that Dr. Harry B. Price operated on his eyes at the expense of the petitioner, and that claimant returned to work on August 26, 1926. The record shows that the company paid him $60, which he accepted in full settlement of his temporary total disability.

On February 29, 1932, claimant filed a motion to reopen and award further compensation on the basis of a change of condition. On June 25, 1932, the Commission made a finding to the effect that claimant had suffered a change of condition as a result of the injury of June 7, 1926, in that he had sustained the permanent loss of both eyes, and is permanently totally disabled, and awarded compensation at the rate of $18 per week for 500 weeks, of which award petitioner seeks review.

Claimant testified that prior to the time of the injury his eyesight was good; that after the explosion and operation his vision continued to get worse until at the present time he is practically blind; that he believed his trouble was due to the injury received in 1926, but that, in 1929, while in the employ of petitioner, he sustained another injury in which he got hot oil in one of his eyes, and, in his own language, "That helped put me where I am."

Dr. J. H. Caviness, an eye specialist, testified that he examined claimant on February 24, 1932, and found about 90 per cent. loss of vision in each eye; that the cause of claimant's blindness was trachoma, and that in his opinion the injury sustained in 1926 irritated the chronic condition of claimant's eyes, and that approximately 50 per cent. of claimant's loss of vision was due to the disease and 50 per cent. to the injury.

The testimony of other eye specialists, who appeared in behalf of petitioner, was also to the effect that claimant's blindness was due to trachoma, and that claimant had this trouble prior to the injury, but that in a chronic state it might be unnoticed by a patient, and, in the event of an injury to the eyes, the chronic condition would become acute and painful, and might result in a total loss of vision.

The record shows that on August 31, 1929, claimant was discharged from the employ of the company on the basis of a doctor's report showing that, due to the condition

of his eyes, he was not able to perform his duties.

The various assignments of error of the petitioner may be discussed under the general proposition of whether there is any competent evidence in the record which reasonably tends to sustain the findings of the Commission.

The Commission found, in effect, under the evidence, that prior to the injury in 1926 claimant had a disease of the eyes known as trachoma, and that prior to said injury he suffered no inconvenience from said disease; that his eyesight was normal, and that the injury lighted up or irritated the chronic condition of his eyes, which resulted in the development of the trachoma to an acute stage, and that said injury brought about claimant's total loss of vision. In the case of Loffland Brothers v. Morgan, 153 Okla. 295, 5 P. (2d) 1067, it is said:

"Benefits provided for in Workmen's Compensation Law are not limited to perfectly healthy workmen.

"Where accidental personal injury within Workmen's Compensation Act aggravates pre-existing physical condition, injured employee is nevertheless entitled to compensation."

In the case of Christian v. Hanna, 144 Okla. 89, 289 P. 708, it is said:

"Where an employee engaged in a hazardous occupation within the provisions of the Workmen's Compensation Act has a latent or dormant infectious disease, unknown to him, and receives an accidental injury which aggravates or excites the latent or dormant disease to virulency or activity, the injury, including the effects of infection, is compensable under said act."

See, also, Coline Oil Corporation v. Burrows, 153 Okla. 116, 3 P. (2d) 230; Shell Petroleum Corporation v. Moore, 147 Okla. 243, 296 P. 390.

Petitioner challenges the findings of the Commission to the effect that claimant's total permanent disability is due to the injury received, on the basis that a part of the injury is due to a pre-existing disease, and cites the following cases: Noel v. Potts, 157 Okla. 136, 11 P. (2d) 137; Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. (2d) 411; Ellis & Lewis, Inc., v. Lane, 152 Okla. 273, 4 P. (2d) 104; Kansas City Structural Steel Co. v. Yarber, 153 Okla. 121, 5 P. (2d) 160.

A careful examination shows that said authorities are not in point under the facts in this case.

In the instant case the chronic condition of claimant's eyes prior to the injury was described as latent, dormant, or inactive, and not of sufficient seriousness to cause a noticeable loss of vision. The industrial Commission is not called upon to speculate as to whether said condition might or might not later became active, with consequent injurious results. Under the evidence herein, the finding that the injury in fact did light up or aggravate the chronic condition into an acute condition, with the accompanying damage to claimant's eyes, is based upon competent medical testimony, as well as upon the testimony of claimant.

There is competent evidence tending to sustain the findings of the Commisson upon which the award is based, and the award is sustained.

SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., and CULLISON, V. C. J., absent.