GILLIE COAL CO. v. LAMBERT et al.

No. 31502. June 13, 1944.

*150 P. 2d 79.*

A. E. White, of Poteau, for petitioner.

W. N. Redwine, of McAlester, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 16th day of February, 1942, J. W. Lambert, hereinafter called respondent, filed his first notice of injury and claim for compensation against the petitioner, Gillie Coal Company,. alleging that on January 15, 1942, while employed as a coal miner, he sustained an accidental injury arising out of and in the course of his employment while taking up the bottom of a room in the working place when he was struck by a rock falling from the roof of the room which resulted in an injury to his back, kidneys, bladder, and causing a hernia and other injuries. An award was made for the minimum of $8 per week computed under subdivision 3 of 85 O. S. 1941 § 21.

Petitioner presents two propositions. It is first argued that there is no competent evidence that the disability resulted from the accidental injury of January 15, 1942. This contention cannot be sustained. There is direct testimony that he was injured when the rock fell from the roof of the working room and that he has the disability established at the hearing. The sole contest is that the disability did not result from the accidental injury of January 15, 1942, but resulted from a prior injury. This court has many times held that the cause of the disability is one of fact and as to whether it resulted from the accidental injury claimed or a prior accidental injury will not be reviewed as a question of fact if there is any competent evidence reasonably tending to sustain the finding of the commission thereon. Hollis v. Mid-Continent Petroleum Corporation, 174 Okla. 544, 51 P. 2d 498; J. B. Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

Finally it is argued that there is no competent evidence to sustain the finding that within the year next preceding his injury respondent earned $480 and that by reason thereof the rate of compensation would be $8 per week computed under subdivision 3 of 85 O. S. 1941 § 21. This question could only become material had there been a greater amount than the minimum of $8 per week or unless the wages of respondent were less than $8 per week. It is not claimed that a coal miner working in similar work to respondent earned less than $8 per week. It is not claimed that his wages when ascertained as directed by 85 O. S. 1941 § 21, subd. 3, were less than $8 per week. What an employee earns in the year next preceding his injury is not the criterion of wage-earning capacity under said section. Superior Smokeless Coal & Mining Co. v. Cattaneo, 180 Okla. 135, 68 P. 2d 497. It is unnecessary, therefore, to discuss the extent of evidence required to authorize an award either under subdivision 2 or the necessity of making proof under subdivision 3 of 85 O. S. 1941 § 21. See, in this connection, Eagle-Picher Mining & Smelting Co. v. Lamkin, 189 Okla. 463, 117 P. 2d 519.

The award of the State Industrial Commission is sustained.

CORN, C. J., GIBSON, V.C.J., and OSBORN, BAYLESS, and HURST, JJ., concur.