PIONEER CORPORATION et al. v. KIMSEY et al.

No. 31820. Jan. 16, 1945.

*154 P. 2d 962.*

Clayton B. Pierce, of Oklahoma City, for petitioners.

T. L. Blakemore, of Sapulpa, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 27th day of February, 1943, W. L. Kimsey, hereinafter referred to as respondent, filed employee's first notice of injury and claim for compensation alleging that while employed by the petitioner, Pioneer Corporation, he sustained an accidental injury on November 14, 1942, resulting from overexertion in fighting a fire. On the 18th day of December, 1943, an award for temporary total disability was entered and this proceeding is brought to review the award as approved and affirmed thereafter by the State Industrial Commission on appeal.

The record discloses that the respondent while employed as a pumper sustained an accidental injury arising out of and in the course of his employment when, on the 14th day of ·November, 1942, between 2 and 3 o'clock in the afternoon, a fire broke out at the lease on which he was employed and he overexerted in assisting to control the fire.

The five allegations in the petition for review are presented in one single argument which is that there is no competent evidence reasonably tending to support the finding of the trial commissioner that respondent has a disability as a result of the accidental injury of November 14, 1942. No particular

specification is set out in the brief touching this question. Two physicians testified for the respondent and both gave it as their opinion that on or about the 14th day of November, 1942, respondent sustained a heart strain or heart injury attributable to the fighting of fire. There is testimony in the record from expert medical witnesses that the condition that respondent is suffering from was caused by a prior injury to the heart which either resulted from disease or strain.

We have held that disability attributable to a condition of the heart is compensable under the Workmen's Compensation Law in this jurisdiction if it originated in an accidental personal injury sustained in the course of hazardous employment covered by the act. Carden Mining & Milling Co. v. Yost 193 Okla. 423, 144 P. 2d 969; Richards v. State Industrial Commission, 143 Okla. 29, 287 P. 69, and annotations listed and set out in Carden Mining & Milling Co. v. Yost, supra. It is insisted by the petitioners that the evidence reflects without controversy that the healing period for any disability was ended and that any disability that respondent now has is due to prior disease.

Where there is competent evidence reasonably tending to sustain the finding of the State Industrial Commission that the disability following the accidental injury resulted from the injury alone, or in combination with a pre-existing disease by aggravation thereof, an award based on such finding will not be disturbed on review. Fairmont Creamery v. Lowe, 160 Okla. 32, 15 P. 2d 133; Oklahoma Gas & Electric Co. v. Slocum, 159 Okla. 245, 15 P. 2d 29; Deep Rock Oil Corp. v. Betchan, 169 Okla. 42, 35 P. 2d 905. The argument of the petitioners addresses itself to the weight of the testimony and we have many times held, as above recited, that the weight and sufficiency of the evidence as to the cause and extent of an injury is a question for the commission to determine. There is competent evidence reasonably tending to sustain the finding of the State Industrial Com-

mission on the only issue presented to the trial commissioner.

Award sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.