PITTSBURGH PLATE GLASS CO. v. WADE et al.

No. 32411. Nov. 19, 1946.

*174 P. 2d 378.*

E. W. Smith, of Henryetta, for petitioner.

Koch & Woodliff, of Henryetta, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM, This is an original proceeding brought by Pittsburgh Plate Glass Company, a corporation, hereinafter called petitioner, to review an award made to Cecil C. Wade, respondent.

Respondent filed his first notice of injury and claim for compensation stating that on October 14, 1942, while employed as a factory laborer he sustained an accidental injury arising out of and in the course of his employment with the Pittsburgh Plate Glass Company when he injured his back. On the

3rd day of October, 1945, following hearings conducted by the State Industrial Commission the trial commissioner entered an award for 5 per cent of total permanent disability and ordered payment at the rate of $18 per week for 25 weeks. This award was affirmed on appeal to the commission, and this proceeding is brought to review the award.

It is first argued that there is no competent evidence in the record to support the finding of the State Industrial Commission that the respondent's disability resulted from the injury received on October 14, 1942. The sole contention of petitioner is that there was a prior injury which caused the disability. The record discloses that on the date of the accident the respondent was employed as a warehouse box trucker; that it was his duty to lift large boxes of glass and truck them on and about the premises and stack them in convenient places. He stated that while lifting one of these large boxes of glass he sustained the back injury in question. It is admitted that while employed by the same company he sustained an injury on a former date for which no claim was filed. Petitioner cites and relies upon Amerada Petroleum Corporation v. Thompson, 169 Okla. 45, 35 P. 2d 903. We think the rule to be applied is exemplified in Zimmerman v. Leo Sanders Const. Co., 188 Okla. 361, 109 P. 2d 486; Rialto Mining Co. v. Epps, 193 Okla. 371, 143 P. 2d 798; Pioneer Corp v. Kimsey, 195 Okla. 40, 154 P. 2d 962; Gillie Coal Co. v. Lambert, 194 Okla. 283, 150 P. 2d 79; wherein it is held that whether the disability is the result of the alleged accidental injury or some other cause is a question of fact. In Gillie Coal Co. v. Lambert, supra, we stated that whether the disability is the result of the accidental injury in question or a prior accidental injury is a question of fact to be determined by the State Industrial Commission and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission in that respect, an award based thereon will not be disturbed on review.

Dr. Dickson, a medical expert witness called for respondent, testified that the respondent gave a history of the accidental injury as above stated; that as a result of this accidental injury respondent had a 50 per cent permanent partial disability. We are of the opinion, and hold, that there is competent evidence reasonably tending to support the finding of the State Industrial Commission that the disability is due to the accidental injury on October 14, 1942.

It is next argued that the finding of permanent partial disability as a result of the alleged injury of October 14, 1942, is without the support of any competent evidence. What has been said above largely disposes of this proposition. Petitioner cites and relies upon Taton v. Dunlop, 184 Okla. 319, 87 P. 2d 321, and related cases. These cases announce the rule that where the character of the disability is such as to require skilled and professional persons to determine the nature and extent, proof thereof must be made by the testimony of such skilled and professional persons. None of the cases cited have vacated an award where, as in the case at bar, the history of the accidental injury is given to the physicians and the testimony of such physicians supports a resulting disability. The requirements of the rule are met in this respect when the testimony of a qualified medical expert is that the disability resulted from the claimed accidental injury. See, in this connection, Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. 2d 1212; Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988.

Under the rule announced in these latter cases, the evidence is sufficient to sustain the finding and the award.

Award sustained.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.