CITIES SERVICE OIL CO. v. HUFF et al.

No. 32845. Dec. 16, 1947.

*188 P. 2d 213.*

512

A. M. Ebright, Hayes McCoy, R. O. Mason, and J. E. Jarvis, all of Bartlesville, for petitioner.

Frank Seay and Dick Bell, both of Seminole, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought to this court by Cities Service Oil Company, a corporation, own risk carrier, hereinafter referred to as petitioner, to review an order of the State Industrial Commission awarding compensation to respondent, M. M. Huff.

Respondent in due time filed his first notice of injury and claim for compensation in which it is stated that on the 25th day of February, 1946, while in the employ of petitioner he fell from a truck causing a severe injury to his back.

The trial commissioner before whom the case was heard, after finding that respondent, on the 25th day of February, 1946, while in the employ of petitioner, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back, and that by reason thereof he was temporarily totally disabled until March 31, 1946, when temporary total disability ceased, further found:

"That as a further result of said injury, claimant has sustained a 50% permanent partial disability to the body as a whole, for which disability he is entitled to compensation for 250 weeks at $21.00 per week, or the total sum of $5250.00; that there is now due the sum of $378.00, being accrued compensation for 18 weeks at $21.00 per week, computed from April 1, 1946, to August 5, 1946, inclusive."

Upon these findings an order was entered awarding respondent compensation in the sum of $5,250 or 250 weeks payable at the rate of $21 per week. This award was affirmed on appeal to the commission en banc.

Petitioner asserts that there is no competent evidence tending to sustain the finding of the commission that respondent by reason of the accident sustained permanent partial disability to the body as a whole, but that such disability, if any, from which he is now suffering is due solely to a pre-existing disease.

Respondent testified that prior to his injury he was employed by petitioner as an oil field laborer; that on the 25th day of February, 1946, while engaged in such employment and while assisting in unloading material from a truck he stepped on a device known as a morman board when his feet slipped causing him to fall backwards to the ground, a distance of five feet thereby sustaining a severe injury to his back; that he was immediately taken to McBride Clinic by the foreman of petitioner where he remained and was treated by Dr. Shorbe for a period of 16 days when he was discharged, but that he still suffered pain in his back and was unable to do ordinary manual labor; that he had received no former injury and was able to work without difficulty prior to that time and that he has been unable to do so since the injury and that he had been employed and was working for petitioner for 12 years prior thereto.

The medical testimony is in conflict as to the cause of respondent's disability. There is substantial medical testimony to the effect that the disability from which respondent is now suffering is due solely to a pre-existing condition described as osteoarthritis rather than to the accidental injury.

One doctor, however, testified that he first saw respondent April 20, 1946, and that after obtaining a history from him as to the accident he made an

examination of his back and found some disability thereto; that an X-ray study disclosed some irregularity in the articular surfaces of the fourth and fifth lumbar vertebra; that there is a lateral curveture of the spine involving the entire lumbar, reflecting the change in the right pelvic area; that respondent at that time was totally temporarily disabled from performing ordinary manual labor and that such disability was due to the injury sustained on February 25, 1946. He further testified that he again examined respondent on the 25th day of June, 1946, and found that he was then still totally permanently disabled and that in his opinion the damage would never be repaired and that respondent's condition would never improve. He further testified that respondent was a rather nervous type of man whose responses are not equal and normal, that he was a psycopathic individual, and further testified:

"This accident precipitated a condition that perhaps wasn't entirely normal, to produce a total and permanent disability as to I see it."

In response to a question asked on cross-examination as to whether the abnormal condition referred to might not be the sole cause of respondent's condition, the doctor stated:

"Well, in this particular case, I think not. I think we have to say that this condition is in part, if not in total, a result of his injury in this specific case. I would have to say, as you would indicate by your question, that many cases do show different variations there from an arthritic change or peculiar development or various other factors we are unable to appreciate, but in this particular case, I think we can eliminate those things. I think we can say fairly definite, that such condition exists and is a result of the injury."

While there is substantial medical evidence tending to support the theory and contention of petitioner, we think the evidence of the one doctor, when considered in connection with the testimony of respondent, sufficient to sustain the award. We have on different occasions said the question of whether a disability is the result of an accidental injury or a pre-existing condition is a fact for the determination of the State Industrial Commission and its finding on such issue will not be disturbed by this court on review where there is any competent evidence reasonably tending to sustain the same. Pioneer Corporation v. Kimsey, 195 Okla. 40, 154 P. 2d 962, and cases therein cited.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur. GIBSON, J., dissents.