**FIREMAN'S FUND INSURANCE COMPA-
NY and 7-Up Bottling Compa-
ny, Petitioners,**

v.

**John STANDRIDGE and the State In-
dustrial Court, Respondents.**

No. 43618.

Supreme Court of Oklahoma.

March 24, 1970.

H. W. Nichols, Jr., Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

There is involved here original proceedings to review an order of the State Industrial Court awarding respondent, John Standridge, claimant below, compensation benefits under the provisions of the Oklahoma Workmen's Compensation Act. Parties will be referred to as they appeared before the State Industrial Court.

Claimant alleges in his Form 3 that on July 29, 1968, while employed by respondent, 7-Up Bottling Co., he strained and injured his back when he was lifting and moving cases of bottles. Respondent in its answer denied that claimant sustained an accidental injury in the course of his employment and alleges that if claimant sustained a disability on July 29, 1968, such disability was caused from matters not related to the occurrence of an accident.

Respondent's insurance carrier on July 29, 1968 was the Fireman's Fund Insurance Company. Respondent and its insurance Carrier, Firemen's Fund moved the State Industrial Court to enter an order making the Tri-State Insurance Company a party, contending that the disability of the claimant, if any, was the result of deterioration from an old back injury sustained by the claimant during the years 1964 and 1966 while employed by the respondent and the Tri-State Insurance Company was the insurance carrier of the respondent during these years. The State Industrial Court denied the motion and entered an award in favor of the claimant for 30 per cent permanent disability to the body as a whole for injuries sustained to his back aggravating a preexisting condition.

The facts may be summarized as follows: Claimant sustained an injury to his back while working for the respondent on January 3, 1964. He was funished a surgical operation by the respondent on January 30 or 31, 1964. He was unable to work for approximately three months. He returned to work for respondent, but continued to have difficulty with his back and a second operation was performed on March 30, 1966. He was unable to work for a period of five months and then returned to work for respondent.

The insurance carrier of the respondent of the date of his injury on January 3, 1964, was the Tri-State Insurance Company. Tri-State paid the claimant temporary compensation during the time he was unable to work, also medical and hospital expenses until he returned to work five months after the second operation on March 30, 1966.

Claimant testified that after returning to work he was able to perform his regular duties without pain or difficulties to his back until he again injured his back on July 29, 1968.

In regard to the occurrence of the accident on July 29, 1968, claimant testified that he was lifting a case of bottles, put his weight on his right foot and his back popped. He at once experienced pain and was unable to continue working. He went home and later in the morning went to Dr. J for examination and treatment. Dr. J advised him to stay in bed at home for a week. He remained at home a few days. He was then hospitalized, placed in traction and therapy treatments administered.

Respondent had changed insurance carrier and its insurance carrier on July 29, 1968, was the Fireman's Fund Insurance Company. At a hearing before the State Industrial Court on October 15, 1968, respondent and its insurance carrier, Fireman's Fund, voluntarily agreed to the entering of an order awarding the claimant temporary total compensation for an indefinite period of time, not exceeding 300 weeks and directing the furnishing of additional medical treatment by respondent. Such order was entered by the State Industrial Court on October 25, 1968 without prejudice to the right of the respondent to later renew its motion to make the Tri-State Insurance Company an additional party.

A third operation was performed by Dr. F on the claimant on November 15, 1968. He remained under the care of Dr. F until March 3, 1969.

Claimant attempted to return to work for respondent on February 5, 1969. He testified that he is unable to resume work and has stiffness, soreness and pain in his back and right leg.

Respondent and its insurance carrier, Fireman's Fund, paid the claimant temporary compensation until February 5, 1969, and filed notice of its intention to terminate compensation and the furnishing of medical treatment.

The cause came on for hearing before the State Industrial Court on April 16, 1969. Respondent renewed its motion to make the Tri-State Insurance Company an additional party. The motion was again denied by the court. The court on June 4, 1969, entered an order terminating the payment of temporary total compensation and awarding the claimant 30 per cent permanent partial disability to the body as a whole based on an aggravation of a pre-existing condition to his back as the result of the personal injury sustained on July 29, 1968.

■■ Respondent and its insurance carrier, Fireman's Fund Insurance Company, contend the State Industrial Court erred in denying their motion to make the previous insurance carrier, Tri-State Insurance Company, a party to the proceedings in the trial tribunal. An examination of the record and the Petition for Review discloses that Tri-State Insurance was not made a party to the review by this court. Although this contention may have been an issue here had Tri-State Insurance Company been made a party (see Oklahoma Steel Corporation v. Chafin, 349 P.2d 12), this court will not review the issue unless both insurance carriers are made parties to the proceedings in this court.

■ As for the next contention we find the award of the State Industrial Court is supported by competent legal evidence. The evidence is undisputed that after recovering from the second operation to repair the back injury sustained on January 3, 1964, the claimant returned to work for respondent during the month of August 1966. He continued working until he sustained his second injury on July 29, 1968. During this period of approximately two years he experienced no pain or difficulty with his back and was able to work regularly. The evidence is undisputed that he twisted and injured his back on July 29, 1968, causing an aggravation of his previous injury to his back.

Dr. J called as a witness for the respondent testified that he examined the claimant on July 29, 1968, and treated him for several weeks. X-ray examinations of claimant's back disclosed the fusion of certain of the vertebrae of claimant's back and also a failure of one of the fusions to hold up resulting in a loose fusion. He does not believe the failure of the fusion occurred all at once but believes that the picking up of the bottles and stacking them by the claimant was "more or less the last straw" and "was the trigger that started the pain." He testified that claimant "had a bad back before this last accident," but the accident was the "final event" causing the disability. Dr. J testified he believed that claimant's condition might improve with conservative treatment or

possibly attempting a new fusion. He last examined the claimant on September 4, 1968, and on that date found that claimant's condition was such that he could not perform ordinary manual labor.

Dr. G examined the claimant at the request of his attorneys on March 12, 1969. In a written report admitted in evidence by agreement Dr. G states:

"This 45 year old man suffered a wrenching strain which broke down a spinal fusion which had been performed in March 1966. This was re-operated in November 1968, and he returned to light work in February 1969. It is my opinion that he had reached his maximum of recovery, that no further medical or surgical care, except palliation, is indicated; that he will never be able to engage in ordinary manual labor, without recurrence of disabling symptoms, and that his present condition constitutes a percentage permanent disability, amounting to thirty five (35%) per cent loss of use to the body as a whole for the performance of ordinary manual labor, and that this disability is the result of the accidental injury suffered on 29 July 1968."

The fact that the injuries sustained by the claimant were in aggravation of previous disability for which he has received compensation benefits does not preclude him from recovering compensation benefits for the injuries sustained in the second accident. Sohio Petroleum Co. v. Cotton, Okl., 272 P.2d 383; Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921; Amerada Petroleum Corporation v. Cook, 152 Okl. 98, 3 P.2d 667.

■ Workman's compensation benefits provided for under the provisions of the Oklahoma Workmen's Compensation Act are not limited to perfectly healthy workman. Mid-Kansas Oil & Gas Co. v. State Industrial Commission, 165 Okl. 15, 22 P.2d 919; Loffland Bros. v. Morgan, 153 Okl. 295, 5 P.2d 1067.

■ Respondent also contends the trial court erred in not permitting respondent to submit in evidence the entire file in the case involving the injury sustained by claimant January 3, 1964. The proffered evidence is not included in the transcript and it is therefore impossible for us to determine the portions of the file, if any, which might have been admissible. The trial court stated that it would be proper for the attorney to refer to specific documents in the file during his cross-examination of witnesses but did not believe it proper to encumber the record by permitting the introduction of the entire file in evidence without more specific identification as doubtless many portions of the file would be inadmissible. Counsel for the respondent referred to portions of the file during the trial. We find no reversible error.

The award is well within the estimates made by the medical witnesses and is supported by competent evidence. The record is free from fundamental errors of law.

Award sustained.

All Justices concur.