Wanda Jo **HUGHES**, Petitioner,

v.

**CITY OF OKLAHOMA CITY**, own Risk, and the Workers' Compensation Court, Respondents.

No. 69301.

Supreme Court of Oklahoma.

April 11, 1989.

Jack Gray, Oklahoma City, for petitioner.

King, Roberts & Beeler by Daniel J. Hoehner, Tom L. King, K. David Roberts, Oklahoma City, for respondents.

HODGES, Justice.

Petitioner had been employed by the City of Oklahoma City (hereinafter "city") for fourteen years as a clerk typist when she became ill at work and, later that day, was admitted to a hospital critical care unit for heart patients. It is undisputed that petitioner suffered a heart attack the following day. Petitioner's claim against the city alleged that her heart attack resulted from stress at her job caused by overwork, an abusive supervisor and the lack of a well-deserved promotion. The two doctors' reports she submitted at trial state that the heart attack was a result of work-related stress and that the job stress "did probably aggravate her condition prior to the myocardial infarction." Respondent's medical report shows that the heart attack was not job-related but was a result of the petitioner's history of poor health in that she suffered from "arteriosclerosis ... related primarily to her Diabetes Mellitus, which would be a risk factor." She also had a 30 year documented history of hypertension and ulcers.

The trial court found the claimant's injury did not arise out of or in the course of her employment. The Workers' Compensation Court en banc affirmed this ruling on appeal. The Court of Appeals vacated the lower court's ruling finding that there was no competent evidence to support the order. The city petitioned for certiorari which was granted.

The only issue before us is whether the Court of Appeals impermissibly weighed the evidence and reversed the en banc court when there was competent evidence to sustain the order.

It has been established that, under Oklahoma law, a heart attack is compensable where it has been caused by an exertion that occurs on the job. In fact, the injury may be the result of the cumulative effect of strains. *Bill Gover Ford Company v. Roniger*, 426 P.2d 701 (Okla.1967). However, the initial finding of whether a heart attack arises out of and in the course of employment is a question of fact for the trial court. *Sooner Construction Company v. Brown*, 544 P.2d 500 (Okla.1975). This finding of fact is based on the trial court's consideration of the expert opinions presented at trial. *Meadow Gold Dairies v. Oliver*, 535 P.2d 290 (Okla.1975). The only standard on review that is to be applied by an appellate court is whether any competent evidence supports the finding of the Workers' Compensation Court. *K.P. Const. Co., Inc. v. Death of Parrent*, 562 P.2d 501 (Okla.1977); *Parks v. Norman Mun. Hosp.*, 684 P.2d 548 (Okla.1984).

In the present case the Court of Appeals vacated the Workers' Compensation Court en banc order that denied petitioner compensation. The basis for the Court of Appeals' decision was that no competent evidence was presented to the trial court to sustain the order denying compensation. To arrive at this conclusion it was necessary for the appellate court to step outside the scope of its review for competent evidence. The opinion of the court reveals that the court considered and weighed all of the evidence and then drew its own conclusion as to whether the heart attack arose out of or in the course of petitioner's employment. Expert testimony was presented by the city showing that the petitioner's injury was not job-related but, rather, the result of arteriosclerosis related to her history of diabetes. This coronary artery disease was documented when the petitioner underwent coronary arteriography after suffering a heart attack the day after leaving work. It should also

be noted that at trial the petitioner testified as to the dissatisfaction she felt with her job and attributed her discontentment to the lack of a promotion, broken promises regarding reclassification and a higher pay level and a poor evaluation from her supervisor. These events, however, had occurred two years prior to the heart attack. The city's expert opinion and testimony presented by the petitioner herself constitute competent evidence upon which the trial court could and did base its finding that the injury was not job-related.

In reviewing the record for competent evidence it has been held that the evidence presented must only reasonably tend to sustain the trial court's finding of fact. *Pioneer Corporation v. Kimsey*, 195 Okl. 40, 154 P.2d 962 (1945). The competent evidence test does not require that such evidence "rise to the degree of certainty which would exclude every reasonable conclusion other than the conclusion reached by the trial court." *Riley v. Cimarron–Empire Construction Company*, 420 P.2d 550 (Okla.1966). Clearly the Workers' Compensation Court's en banc finding that the petitioner's injury was not one that arose out of or in the course of employment was based on competent evidence. As such, the finding will not be disturbed on review. *Workers' Compensation Ct. v. State Ins. Fund*, 689 P.2d 1282 (Okla.App. 1984).

OPINION OF THE COURT OF APPEALS VACATED; ORDER OF THE WORKERS' COMPENSATION COURT EN BANC REINSTATED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, SIMMS, DOOLIN, KAUGER and SUMMERS, JJ., concur.

WILSON, J., dissents.