**ROGERS GALVANIZING, OWN RISK, Petitioner,**

v.

**Rudolph RICHARDSON and the Workers' Compensation Court, Respondents.**

No. 83057.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 30, 1994.

Certiorari Denied Oct. 4, 1994.

Ronald E. Hignight, Tulsa, for petitioner.

Mitchell E. Shamas, Tulsa, for respondents.

## OPINION

HUNTER, Judge:

The issue before us in this workers' compensation review proceeding is whether there is competent evidence to support the finding that Rudolph Richardson (Claimant) sustained a compensable injury due to heart attack he suffered during his employment with Rogers Galvanizing Company (Employer). We find competent evidence in the record supports the order of the three-judge panel of the Workers' Compensation Court.

The forty-two year old Claimant had worked for Employer for eight years when he suffered a heart attack on January 7, 1993. At the time of the injury, Claimant was working as an assistant head kettleman, a position which he had held for approximately six months. His job entailed working over and near 1500–1800 degree smoking kettles full of molten metal all day. Claimant's duties consisted of carrying heavy objects weighing in excess of 45 pounds to and from heavy kettle baskets and dragging empty kettle baskets from the metal to the kettle and back to facilitate loading on to a crane. As Claimant was dragging a basket from the metal to the kettle, he experienced sharp pains in his chest. Claimant continued working, but experienced more pains and was subsequently hospitalized for angioplasty surgery.

At trial, evidence showed Claimant had a family history of heart disease. He admitted that he smoked a pack and a half of cigarettes daily and drank a quart of wine a day. Claimant offered as medical evidence the deposition of Dr. R., who examined Claimant on several occasions. Employer objected to the admission into evidence of Dr. R.'s opinion on the ground that it did not show that Claimant's heart attack was a result of activity beyond that in which he normally participat-

ed, as required by 85 O.S.Supp.1992 § 3(7)(b). Employer's objection was overruled. Employer offered into evidence the medical report of Dr. F., who opined that Claimant's injury was not work-related, but was instead a result of pre-existing arteriosclerotic disease that was aggravated by his heavy cigarette smoking and alcohol intake. Upon the trial court's finding that Claimant sustained a compensable injury, Employer appealed to a three-judge panel of the Workers' Compensation Court, which unanimously affirmed the trial court's order.

Employer now reurges in this review proceeding that the three-judge panel's order is not supported by competent evidence because Claimant failed to show that the physical stress he was under at the time of his heart attack was in excess of that experienced by a person in the conduct of everyday living. Claimant responds that Section 3(7)(b) does not mandate proof that a claimant's heart attack occurred while under stress in excess of the normal stress experienced in the type of work that the particular claimant performs and that expert medical evidence is not required for the trier of fact to determine whether the stress was in excess of that experienced by a person in the conduct of every day living. We agree.

Section 3(7)(b), which became effective September 1, 1992 and has yet to be interpreted by our courts, provides:

"Injury" or "personal injury" includes heart-related or perivascular injury, illness or death if resultant from stress in excess of that experienced by a person in the conduct of everyday living. Such stress must arise out of and in the course of a claimant's employment.

■ In interpreting the words of the statute, we must keep in mind that the goal of statutory construction is to determine and follow legislative intent which is presumed to be expressed in the statute. *Matter of M.L.B.*, 844 P.2d 889 (Okl.App.1992). Absent a contrary definition, words of a statute are to be given the same meaning as that attributed to them in ordinary and usual parlance. *Hurst v. Empie*, 852 P.2d 701 (Okl.1993).

Before the enactment of this subsection, a heart injury was treated as any other injury under the workers' compensation laws in that it was compensable when it was proven to have arisen out of and in the course of employment. *Decker v. Oklahoma State University*, 766 P.2d 1371 (Okl.1988). A heart attack was compensable where it was caused by an exertion that occurred on the job or if it was the result of the cumulative effect of job strains. *Hughes v. City of Oklahoma City*, 771 P.2d 1010 (Okl.1989). The claimant had to establish through competent medical evidence that he sustained a work-related occlusion, thrombosis or myocardial infarction, or alternatively, a work-related aggravation of a pre-existing heart condition. *Black v. Renshaw Painting*, 807 P.2d 796 (Okl.App.1991). The enactment of this subsection adds another requirement for those claimants seeking to prove a compensable "heart-related or perivascular injury, illness or death" in that such injury must also now result "from stress in excess of that experienced by a person in the conduct of everyday living".

■ Employer suggests that the above language now requires proof that the heart injury was from stress in excess of that normally experienced by the *claimant*, not merely just any person. However, had the legislature intended such interpretation, we think it would have simply used the term "claimant" instead of "person" in the statute. Thus, we are inclined toward giving this statute its plain meaning, that the stress must be such that it is more than that experienced by a reasonable person during the course of everyday living and such stress must result from the job.

■ Claimant was required to establish by competent medical evidence that his heart attack was job-related. *Black v. Renshaw Painting, supra.* Dr. R. was of the opinion that Claimant's heart attack was a result of his work activities on January 7, 1993. The question of whether Claimant's heart injury resulted from stress "in excess of that experienced by person in the conduct of everyday living" was an issue of fact for the trial court's determination based upon competent evidence. No special skill or knowledge was needed to make this determination from the facts. An issue of fact which is within the knowledge and understanding of an ordinary person is an ultimate issue for the trier of

fact and expert opinions or conclusions on such issues are unnecessary. See *Gabus v. Harvey,* 678 P.2d 253 (Okl.1984). A trial judge is readily able to determine from his or her own life experience whether a claimant's stress on the job was "in excess of that experienced by a person in the conduct of everyday living".

 A decision of a three-judge panel of the Workers' Compensation Court will be sustained on review if it is supported by any competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). Dr. R's testimony is competent evidence showing that Claimant's heart attack was causally connected to his employment. Claimant's testimony regarding the strenuous and stressful job he performed under high temperatures, fumes and smoke was competent evidence from which the trial court determined that Claimant's job-related heart injury was a result of stress "in excess of that experienced by a person in the conduct of everyday living". The order of the three-judge panel of the Workers' Compensation Court is hereby sustained.

ORDER SUSTAINED.

ADAMS, J., concurs.

GARRETT, V.C.J., concurs in result.