H. A. DISBROW, Appellant, v. THE BOARD OF SUPERVISORS OF CASS COUNTY *et al.*

Taxation: OMITTED PROPERTY: DISCOVERY OF: EMPLOYMENT OF
1  AGENT: COMPENSATION OF. Code sections 422 and 1374 authorize a board of supervisors to contract with an agent to discover and return for asssesments property which has been omitted from taxation, and to pay for such services a sum equal to one-half the amount of taxes so collected.

Contract With Agent: VALIDITY OF: PUBLIC POLICY. Such a
2  contract is not objectionable by reason of the fact that only a portion of the tax collected enures to the benefit of the county, and the fact that the agent is to pay all expenses of the investigation does not render it against public policy.

*Appeal from Cass District Court.*—HON. O. D. WHEELER, Judge.

MONDAY, FEBRUARY 9, 1903.

THE board of supervisors and C. W. Welman entered into a written contract whereby Welman undertook to uncover and report for assessment property which had been omitted from taxation in the county, and the county agreed to pay him for such services a sum equal to one-half of all moneys collected as a result of his investigation.   Welman performed the contract on his part, and, after he had done so, the plaintiff brought this action in equity to restrain the board of supervisors from paying him the sum agreed upon for his services.   There was a judgment for the defendants.   The plaintiff appeals.— *Affirmed.*

*James B. Bruff* for appellant.

*DeLano & Meredith* and *C. G. Saunders* for appellees.

SHERWIN, J.—The plaintiff contends that the board of supervisors had no legal authority to make the contract in question, and that it is contrary to public policy.   Sub-

*1. OMITTED property: discovery of employment of agent: compensation of.*

division 11 of section 422 of the Code gives the board of supervisors of a county power "to represent the respective counties, and to have the care and management of the property and business thereof in all cases where no other provision shall be made."   Construing this statute in *Wilhelm v. Cedar County*, 50 Iowa, 254, we held that it was the duty and business of the county to collect taxes, and that the board of supervisors had the power to employ a special agent or attorney to assist in such work.   Again construing the same statute in *Call v. Hamilton County*, 62 Iowa, 448, we held that the board of supervisors had power thereunder to employ an agent to aid the officers of the county in the sale of its land.   In *Allen v. Cerro Gordo County*, 34 Iowa, 54, the plaintiff sought to enforce a contract providing for a contingent fee for establishing the claims of the county to certain lands, and it was held that the contract was legal, and one that the board of supervisors

might make under the power given by the statute.    Section 1374 of the Code expressly provides means for reaching property which has not been returned for assessment, and authorizes the treasurer of the county to bring suit in his name, "for the use of the proper county," to recover the amount the property should have been taxed; and it also gives the board of supervisors power to appoint an attorney to prosecute such suit.    It is made the duty of the county treasurer to demand the taxes so due when he shall be apprised thereof, but it is nowhere required that he shall institute a search for such information, or for the purpose of discovering property which has been negligently or fraudulently withheld from taxation.

We do not doubt the power of the county, through its board of supervisors, to see that all property subject to taxation therein is made to share its just proportion of the public burdens; and, when such property is omitted from the assessment rolls, it is the plain duty of the board to take such means as it shall deem necessary to discover the same, and to recover the amount it should have been taxed.    It is property or money to which the county is entitled, and for the purpose of uncovering and searching out the property so that it may be taxed the board clearly has the right to employ an agent or attorney, under the authorities heretofore cited.    See, also, *Burnett v. Markley*, 23 Or. 436 (31 Pac. Rep. 1050); *Hawk v. Marion County*, 48 Iowa, 472.

II.    Nor does the fact that all of the taxes so collected do not inure to the benefit of the county change the rule. The county and its officers are the mediums through which all ordinary taxes, state and municipal, are *2. SAME: contract with agent: validity of: public policy.* collected, and it will not do to say that, because a portion of the taxes collected are for the state, and other portions for the several municipalities within the county, the board of supervisors has no power over the assessment and collection thereof.

The contract under consideration provides that all expenses incurred in the investigation made by Welman, "including costs of collection and attorney's fees," shall be paid by him.   We see no reason for holding this provision of the contract against public policy, and the contract, therefore, void.   "By 'public policy' is intended that principle of the law which holds that no subject can lawfully do that which has a tendency to be injurious to the public, or against the public good, which may be termed the 'policy of the law,' or 'public policy in relation to the administration of the law.' " "The administration of justice is maintained at the public expense.   The courts will never, therefore, recognize any transaction, which, in its object, operation, or tendency is calculated to be prejudicial to the public welfare." Greenhood, Public Policy, 2. Tested by these rules, the purpose of the contract in question is commendable, to say the least.   Its clearly expressed purpose is to aid the county in its search for property which has been omitted from taxation, and to assist in collecting the amount found due on account thereof. Surely, there can be no evil tendency in thus contracting, for the very purpose of the contract is the promotion of the public welfare.

As we hold that the board of supervisors could lawfully make the contract in question, it is unnecessary to discuss the estoppel pleaded by the defendants.   It is argued here that the contract is champertous, but, as no question of this kind is presented by the pleadings, we do not consider it.   *Allison v. Railroad Co.,* 42 Iowa, 274; 4 Enc. Pl. & Prac. 370.

The judgment is AFFIRMED.