MID-UNION DRILLING CO et al. v. LEECH et al.

No. 29568. Jan. 21, 1941.

*109 P. 2d 499.*

Pierce & Rucker, of Oklahoma City, for petitioners.

William O. Coe and John A. Johnson, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Mid-Union Drilling Company, hereinafter referred to as petitioner, and its insurance carrier to obtain a review of an award which was made by the State Industrial Commission in favor of George Leech, Jr., hereinafter referred to as respondent.

The record shows that on September 30, 1937, respondent, while in the employ of the petitioner and engaged in a hazardous employment, sustained an accidental personal injury as a result of a fall, and that the petitioner furnished necessary medical attention and respondent returned to his employment on October 2, 1937, and continued therein until October 23, 1937, when he sustained another accidental injury to his foot and from which he was disabled for a period of one week and for which he was paid compensation. That as a result of hearings held to determine liability and extent of disability, the State Industrial Commission, on January 8, 1938, entered an order wherein it found that the respondent had no disability beyond the 5-day waiting period as the result of his accidental injury of September 30, 1937, and denied compensation. Thereafter, on May 26, 1939, the respondent renewed his application for a determination of permanent partial disability which he had sustained as a result of his original accidental injury, and at the conclusion of hearings held on this application the Industrial Commission, on October 28, 1939, entered the award which we are now called upon to review.

The award so made was for a decrease in wage-earning capacity, and at the minimum rate prescribed by statute. The petitioner presents a single contention, which, in substance, is that the award is not reasonably supported by any competent evidence.

The award being one for compensation under the "other cases" provision of the statute (subdivision 3, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 3) requires evidence of a permanent partial disability as the result of a compensable injury and of a decrease in wage-earning capacity as a consequence of said injury. Murch Bros. Const. Co. v. Cupp, 177 Okla. 102, 57 P. 2d 852.

The medical evidence, while in conflict in some respects, was sufficient to support the finding of a permanent partial disability as the result of a compensable injury. This evidence, while insufficient to reflect pro tanto a decrease in wage-earning capacity (Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180), was sufficient, when accompanied by evidence showing some decrease in ability of the injured employee to labor and perform work of a manual and mechanical nature, to support an award of compensation at the minimum rate prescribed by statute. Keck v. Wilson et al., 184 Okla. 138, 85 P. 2d 757, and cases cited therein.

The record before us contains competent evidence of the nature above mentioned, and therefore the award is not erroneous as a matter of law.

Award sustained.

WELCH, C. J., CORN, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur.