SPECIAL INDEMNITY FUND v.
HOBBS et al.

No. 31705.    Nov. 13, 1945.

Rehearing Denied Jan. 15, 1946.

164 P. 2d 980.

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., James W. Bounds, and James G. Welch, Assts. Atty. Gen., and Hatcher, Hatcher & Taylor, all of Oklahoma City, for respondents.

Claud Briggs, of Oklahoma City, amicus curiae.

OSBORN, J. This is an original proceeding instituted in this court to review an order of a trial commissioner of the State Industrial Commission granting an award under the provivisions of Title 85, O.S. Supp. 1943 § 172, to James H. Hobbs, claimant, against the Special Indemnity Fund administered by the State Insurance Fund, petitioner, wherein the petitioner was directed and ordered to pay claimant compensation for 67 weeks at $18 per week by reason of a previous physical impairment to the left arm existing at the time of the injury for which claim for compensation was filed before the State Industrial Commission.

It appears that some ten or twelve years prior to October 5, 1943, the claimant, though not employed thereat, received an injury to his left arm at a grist mill for which he received no compensation; that since that time and until the date of the second injury (October 5, 1943) the claimant had worked at hard labor for several oil companies, but had never had a physical examination prior to working for any of these companies; that on October 5, 1943, while working for the J. E. Trigg Oil Company, the claimant received an accidental personal injury by the fracture of the thumb of his right hand and the radius and ulna of his right forearm, and as a result a claim was filed with the State In-

dustrial Commission for compensation for the injury which occurred on October 5, 1943, and upon a motion of claimant the Special Indemnity Fund was made a party.

At the hearing before the trial commissioner, Dr. C. W. Robinson testified that claimant had 33 1/3 per cent loss of the use of the right hand as a result of the latter injury. The McBride Clinic made a report through Dr. P. K. Graening wherein it was stated that as a result of the latter injury there was a 5 per cent permanent disability to the right hand as a whole. A written report of Dr. Phil M. Lambke covering the left hand was admitted in evidence, over the objection of the petitioner (said objection going to its competency only, the parties waiving his presence and testifying), wherein it was stated that as a result of the first or prior injury the claimant suffered approximately 25 per cent permanent partial disability to the left hand. The claimant testified that since the first injury in 1933, he had worked for several oil companies and had never made any complaint about the left arm or hand; that he had received the same wages as any other workman doing the same kind of work; that he did not have as much use of the left arm and hand and that it had handicapped him when he did heavy work.

The trial commissioner found that the claimant sustained an accidental personal injury on October 5, 1943, to his right hand and as a result of such injury, claimant sustained 9 per cent permanent partial disability to . the right hand for which he was entitled to compensation for 18 weeks at $18 per week. The trial commissioner also found that in 1933 "claimant sustained an injury to his left hand and by reason thereof and subject to and in accordance with the provisions of Title 85, O. S. A. § 172, claimant is entitled to 67 weeks' compensation at the rate of $18 per week, being computed on the basis of 9 per cent permanent partial disability to the right hand and

25 per cent disability to the left hand, which when considered together is equivalent to 17 per cent permanent partial disability to the body as a whole, and less the 18 weeks' compensation at $18 per week herein ordered paid for 9 per cent permanent partial disability to the right hand."

The trial commissioner ordered the J. E. Trigg Oil Co. to pay claimant compensation for 18 weeks at $18 per week, on account of the 9 per cent permanent partial disability to the right hand, by reason of the injury occurring on October 5, 1943. The order made by the trial commissioner also contained the following:

"It is further ordered, that the Special Indemnity Fund pay to the claimant herein compensation at the rate of $18 per week for a period of 67 weeks, as a result of 9 per cent permanent partial disability to the right hand, and 25 per cent permanent disability to the left hand, which is equivalent to 17 per cent permanent partial disability to the body as a whole, less the 18 weeks heretofore ordered paid for the 9 per cent permanent partial disability to the right hand; said 67 weeks at $18 per week to commence on the expiration of the compensation awarded claimant for 9 per cent permanent partial disability to the right hand, as provided by 85 O. S. A. 173 (172).

"It is further ordered, that $12.06, or one per cent of $1,206, be deducted therefrom and paid to the Special Indemnity Fund by virtue of 85 O. S. A. 173..

"It is further ordered, that the sum of $241.20 be deducted from the latter end of said $1,206, and paid to claimant's attorneys, Hatcher, Hatcher & Taylor, in a lump sum, same being 20 per cent of the award herein made, as a fair and reasonable fee."

The petitioner first urges that the claimant is not a "physically impaired person" as contemplated by and within the terms and meaning of Title 85, O. S. Supp. 1943 § 171, and by reason thereof the trial commissioner erred

as a matter of law in making an award against the Special Indemnity Fund. The petitioner contends that the evidence fails to show that the loss of the use, or partial loss of the use, of the left hand was such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession. The claimant exhibited both his arms to the trial commissioner, and the commissioner made the following statement in the record: "Let the record show that the claimant removed his coat and rolled up the sleeves of both his right and left arm and that the left arm was crooked and appeared to have a visible scar some two and one-half inches long." The exhibition of the arms to the trial commissioner was proper, and the report of Dr. Lambke, admitted by agreement as testimony, was sufficient predicate for the degree of impairment pre-existing. The finding by the commissioner that claimant was a physically impaired person is approved.

The petitioner next contends that the commissioner erred in commuting to a lump sum the award for the purpose of paying the claimant's attorney's fees. The petitioner first takes the position that attorney's fees cannot be paid out of the award against the Special Indemnity Fund, and second, if it can be paid out of such fund, then it can only be paid in periodical payments, because Title 85, O. S. Supp. 1943 § 172, provides that the award against the Special Indemnity Fund shall be paid "in periodical installments and without commutation thereof to a lump sum." Title 85, O. S. 1941 § 30, is authority for the allowance of attorney's fees in a compensation case, and gives the commission the right to set and approve such fees against, and the same shall become a lien upon, the compensation allowed to the claimant. We hold that attorney's fees may be paid out of compensation payable to a claimant from the Special Indemnity Fund. However, the language of Title 85, O.S. Supp. 1943 § 172,

is mandatory in directing the payments to be made in periodical installments and prevents the commutation of the award to a lump sum. The provisions of the order requiring the attorney's fees to be paid from the latter part of the award is approved, but the order should provide that such payment be made in periodical installments as provided by the statute for the payment of compensation to the claimant. The order is modified to that extent.

The petitioner contends that the injury of October 3, 1943, did not cause a flare-up of, or aggravate, the pre-existing injury and, therefore, the Special Indemnity Fund would not be liable for an alleged increased liability as a combination of the two injuries. Title 85, O. S. Supp. 1943 § 172, provides that if an employee, who is a "physically impaired person," receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of the state.

In American Tank Co. et al. v. State Industrial Commission et al., 153 Okla. 117, 5 P. 2d 137, we held:

"Under the Workmen's Compensation Act, there is a specific provision for the loss of one hand (subdivision 3, sec. 7290, C. O. S. 1921, as amended, chapter 61, Session Laws of 1923) and another for the loss of both hands (subdivision 1, sec. 7290, C. O. S. 1921, as amended), and, where it appears the claimant has sustained a permanent partial disability to both hands the award should be based upon subdivision 1, sec. 7290."

In Maryland Casualty Co. et al. v. State Industrial Commission et al., 139 Okla. 302, 282 P. 293, it is said:

"It is specifically provided by the statute, as appears above, that in all

cases involving a permanent and partial loss of the use or function of the members mentioned, the compensation shall be in such proportion to the amounts named in subdivision 3 as said loss bears to a total loss. For the total loss of one eye, the claimant, it is true, would have been entitled, under subdivision 3, to recover two-thirds of his weekly wages for 100 weeks; but, on the other hand, for the total loss of both eyes or of his total vision, he would, under subdivision 1, have been entitled to the same compensation as for total disability or for 500 weeks. Where he has a partial loss of both eyes, if the statute is to be liberally and broadly construed, and in compliance with the provisions of section 3559, supra, he would be entitled to three-fourths of what he would have recovered for the total loss of both eyes, or three-fourths of the compensation allowed for total disability under subdivision 1.

"It is not a mathematical problem, as contended by petitioners. It is not to be solved by adding up the fractional parts, but upon the basis of the percentage of total and permanent disability reasonably found to be produced by the injuries to both eyes considered collectively and with due regard to their cumulative effect."

The trial commissioner found, and such finding is supported by the evidence, that the combination of both injuries materially increased the degree of disability and awarded compensation upon the basis of the combined injuries as is provided by the law.

The petitioner contends that the pre-existing injury in no way incapacitated the claimant for work or labor or caused any decrease in wages or wage-earning capacity. The injuries here involved are to two specific members. Under Title 85, O. S. 1941 § 22, subdiv. 1, the claimant has a right to compensation for injuries to two specific members based upon a percentage of permanent total disability for the partial loss of use of two specific members, as in subsection 1 provided. Elk City Cotton Oil Co. v. State Industrial Commission et al., 184 Okla. 503, 88 P. 2d 615.

The petitioner urges that the effect of allowing claimant compensation based upon a percentage of permanent total disability is to allow him compensation for a former injury which was noncompensable and that his previously impaired condition should be excluded from the compensation which may be awarded herein. The act defines a "physically impaired person" as one "who as a result of accident, disease, birth, military action, or any other cause, has suffered" certain injuries enumerated. It is only where such a person "receives an accidental personal injury" compensable under the Workmen's Compensation Law which results in additional permanent disability so that the *"degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone"* that he is entitled to receive compensation on the basis of such combined disabilities. As was said by the Supreme Court of Minnesota in State ex rel. Garwin v. District Court of Cass County et al., 129 Minn. 156, 151 N. W. 910:

" . . . From the viewpoint of the Legislature, and the fact that the liability created is founded upon no wrong of the employer, it would seem fairly clear that this limitation upon the liability was deliberately made, and founded in justice and fairness. The employer accepts in his service a disabled employe, knowing of the disability and with the knowledge that under the compensation statute he is liable for accidental injuries to such employe while engaged in his service, but to couple the prior disability with one suffered while in his service and make the employer liable for both, would seem a hardship the Legislature intended to avoid. At least we think the language of the statute clearly manifests that intention. The statute is too plain to admit of any other view, and there is no room for judicial construction. While it is true that the com-

bined injuries result in total disability, the statute declares that as to the last employer it shall be treated as a partial disability. That the Legislature had the right to so provide cannot well be questioned. And, though the statute is remedial in the broadest sense of the term, to be liberally construed, the court is without power or authority to change the plain language thereof by construing it to mean the reverse of what is clearly stated therein."

We conclude that the contention of petitioner is without merit and that compensation is not granted by reason of the previous disability as such. The compensation is intended to extend only to the additional degree of disability resulting from the combined injuries.

It is not necessary to discuss the argument presented as to the constitutionality of Title 85, O. S. Supp. 1943 §§ 172 and 173, raised by the amicus curiae brief, because such argument was considered in Special Indemnity Fund v. Farmer et al., 195 Okla. 262, 156 P. 2d 815, and the views therein expressed are decisive of this issue.

Award modified and affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.