CAMERON & HENDERSON, Inc., v. FRANKS et al.

No. 32847. Sept. 16, 1947.

*184 P. 2d 965.*

John R. Wallace and A. C. Wallace, both of Miami, for petitioner.

A. L. Commons and Jack Brown, both of Miami, Sylvan Bruner, Pete Farabi, and Morris Matuschka, all of Pittsburg, Kan., Mont R. Powell, Don Anderson, and Thos. D. Lyons, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

RILEY, J. This is an original proceeding brought by petitioner, Cameron & Henderson, Incorporated, employers of Hugh Franks, in whose favor the State Industrial Commission entered an order and award on September 26, 1946, arising out of an alleged accidental personal injury sustained by Hugh Franks on October 11, 1945, subject to and governed by Workmen's Compensation Law.

Special Indemnity Fund was a party to the proceeding.

The commission found that on October 11, 1945, claimant Hugh Franks. sustained an accidental personal injury to his left arm, left shoulder, and. back, arising out of and in the course of his employment with petitioner; that.

claimant, as a result of said injury, sustained a 15% permanent partial disability to the body as a whole, for which he is entitled to compensation for 75 weeks at $21 per week, or the sum of $1,575. An award against the Special Indemnity Fund was denied for insufficiency of the evidence to justify it.

The employer, Cameron & Henderson, Incorporated, was ordered within 20 days, etc., to pay claimant-respondent Hugh Franks the whole of the award, in consequence of which this original action to review the order and award was commenced.

It is contended that the commission erred in finding that respondent had sustained a 15% permanent partial disability to the body as a whole, but petitioner says in its brief:

"While we think the overwhelming evidence is that the claimant did not suffer any disability as the result of the second injury, upon which the present award is based, to his left arm, shoulder, and back the commission found otherwise and by this finding we are bound . . ."

Since the record contains evidence to support the order and award as to the degree of permanent partial disability sustained by the claimant-respondent, Hugh Franks, petitioner is to that extent bound. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

It is contended also that the commission erred in ordering the employer to pay the whole of the award without giving credit to the employer for a 7½% permanent partial prior disability to claimant's body as a whole, for which he had been compensated.

Claimant had previously been employed by Evans-Wallower Zinc, Inc., and in the year 1945 he sustained an injury to his left arm, shoulder, and back, the same members and parts of body involved in the present injury. A settlement with claimant for that prior injury and resultant disability was made on Form 14 and approved by the commis-

sion in Case B-70153. Claimant received compensation for a 7½% permanent partial disability to his body as a whole, attributable to that prior injury.

Petitioner urges that it should not be required to again compensate claimant for his prior injury and resultant disability as there is no competent evidence to show claimant had recovered from the prior permanent partial disability although he had returned to work; that, in fact, the claimant showed evidence, exhibited and demonstrated a substantial depression of his left side near the collar bone and a malformation of the left wrist which he attributed to his first injury, and that as a result of such evidence, there being none to the contrary, it was established that claimant's prior permanent partial disability remained as established by the commission's prior order.

One of claimant's experts, Doctor Van Horn, a chiropractor, estimated a 40% disability to the body as a whole after the last accidental injury, which included the factor of the existing 7½% permanent partial disability. Doctor Hughes, for claimant, estimated 50% permanent partial disability resulting from the second injury but including the factor of the existing 7½% permanent partial disability previously compensated.

Thus it is contended that the employer's liability for the present disability to claimant's body as a whole presents one of simple mathematical calculation, in subtraction, leaving 7½% disability only chargeable to the employer.

In Indian Territory Illuminating Oil Co. v. Hendrixson et al. (1942) 158 Okla. 176, 13 P. 2d 137, we held:

"The difference between a permanent loss of vision prior to the injury and the permanent loss of vision after the injury constitutes the amount of permanent loss of vision resulting from the injury and must be the basis of the award to be made to this injured work-

man. . . ." Nelson & Miller Engineering Co. v. Davis et al. (1933) 165 Okla. 196, 25 P. 2d 696; Douglas Aircraft Co. v. Bounds (1946) 198 Okla. 69, 175 P. 2d 342.

It is contended the award is therefore excessive on the face of the record, by 7½% and in the amount of $787.50.

The commission en banc, by its order, attributed all of claimant's present permanent partial disability to the last injury and made an award to claimant against his last employer only, for compensation of it.

In so doing, the commission reversed and vacated the prior order and award of Commissioner Cheatham theretofore made and entered May 23, 1946.

By the order and award of Commissioner Cheatham it had been found that claimant was a physically impaired person by reason of the previous injury to the same portions of claimant's body and that this was evidenced by an award of the commission made and entered July 10, 1943, in cause B-70153. By the previous award, it was established that claimant had at the time of the subsequent injury a 7½% permanent partial disability to his body as a whole. The prior order and award as an adjudication established, as a verity, that disability, and it is presumed to continue until such time as it is dis-established. The order and award of Commissioner Cheatham was based on a finding that as a result of the last injury claimant had suffered a 15% permanent partial disability to his body as a whole, for which compensation was awarded and ordered to be paid by the employer.

The commissioner further found that claimant's disability was materially greater than that resulting from either of the injuries, standing alone; that he had a 25% permanent partial disability and was entitled to 125 weeks' compensation. It was found that the constituent elements of claimant's present permanent partial disability amounting to 25% was made up of 7½% attributable to the prior injury and theretofore compensated for a period of 37½ weeks. The 15% compensation for 75 weeks as ordered to be paid by the employer; and the material increase of disability, resulting from the combination of both injuries, in the amount of 7½% or 37½ weeks, was ordered to be paid by the Special Indemnity Fund, after deducting from the total disability so found (1) the amount of disability attributable to claimant's last injury and assessed against the employer (15% or 75 weeks), and (2) the amount of claimant's disability attributable to claimant's prior injury and theretofore compensated (7½% or 37½ weeks). Thus the liability of Special Indemnity Fund under the ratio as provided by applicable statute was found to be the difference, or 2½% disability to the body as a whole, in the amount of 12½ weeks' compensation at $21 per week and amounting to the sum of $262.50.

The ratio under the commissioner's award, subsequently by the commission en banc vacated and reversed, was exactly that provided by the last legislative enactment, 85 O.S. Supp. 1945 §172.

Doctor M. A. Connell testified for petitioner, employer, and while on direct examination the witness said claimant did not have any disability as a result of the latter injury, on cross-examination he estimated claimant's disability, resulting from the prior injury, to be 5% and his total disability, and resulting from both injuries, to be from 15% to 20%. On further direct examination, the witness testified that the atrophy in claimant's arm was discernible by a layman looking at it.

Thus it may be observed that there was evidence before the commission to establish the sum total of claimant's, respondent's, permanent partial disability to be 15% to his body as a whole, as found by the commission sitting en banc. As there was evidence to support that finding, it may be sustained.

Claimant at the hearing exhibited the dislocated part of his wrist bone, malformed, and compared it with his right arm. This dislocation and malformation was by him attributed to the former injury. Likewise, claimant-respondent exhibited a depression, easily visible, to the left side of his collar bone, which he likewise attributed to the former injury. The record of the commission's order and award, resultant from the former injury, was made a part of the record; it speaks for itself. Its contents have been noted.

By the provisions of 85 O.S. Supp. 1945 §171, a physically impaired person, for the purpose of the act, is defined to be a person who, as a result of accident, disease, birth, military action, or any other cause, has suffered the "loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an, ordinary layman . . . or any disability which previously has been adjudged and determined by the State Industrial Commission". The act being remedial, it is to be liberally construed. Stasmas v. State Industrial Commission, 80 Okla. 221, 195 P. 762; Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777.

Thereupon a motion of Special Indemnity Fund was sustained by the commission upon the ground that the evidence did not show claimant to be a physically impaired person within the meaning of the statute. The Fund was by the commission dismissed from the proceedings. But to this action of the commission objection was made that the prior adjudication, consisting of the previous order and award of the commission, regardless of testimony or evidence, established claimant to be a physically impaired person.

Under the record, claimant is a physically impaired person. Under the statute, 85 O.S. Supp. 1945 §175:

"Any party interested shall have a right to bring a proceeding in the Supreme Court of the State of Oklahoma to review an award of the Industrial Commission affecting such Special Indemnity Fund, in the same manner as is now provided by law with reference to other awards by the State Industrial Commission."

The statute affords the right to a "party interested" but neither the claimant nor the Fund has brought proceedings before this court. Is the employer such a "party interested" as by the statute afforded right of review? The statute, 85 O.S. 1941 §29 specifies that:

"Such action shall be subject to the law and practice applicable to other civil actions cognizable in said court."

A "party interested" and so entitled must have a present, direct, pecuniary interest in the subject matter and suffer wrong, fancied or real, 2 Am. Jur. 941, §149 et seq.; 4 C.J.S. 349, §177 et seq., in "the particular case", Re Stewart Bros., 53 Okla. 153, 155 P. 1124.

Claimant's last injury occurred October 11, 1945. Compensation of it is governed by 85 O.S. 1945 Supp. §171 et seq. By the statute it is provided that when a physically impaired person is subsequently injured so that disability resulting from both injuries combines to increase claimant's disability to his body as a whole and "the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone", two awards must be made by the State Industrial Commission. One of them shall be against the last employer for the disability caused by the last injury; the other shall be against the Special Indemnity Fund representing the combined disabilities less deductions specified by the statute. By the proviso of the statute, the amount payable by the last employer is limited to "the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment".

Cameron & Henderson, under the statute, must pay for the per centum

of disability only resulting from the last injury. The injured claimant-respondent is a physically impaired person, for the evidence, inclusive of the presumption arising from the commission's prior order of record, so shows. The presumption is that the adjudicated permanent disability continues; the evidence conclusively established the fact. The statute contemplates that the part of the present permanent disability to claimant's body as a whole, attributable to the former injury, less deductions provided by the statute, be made against Special Indemnity Fund. The employer is possessed of a present, direct, pecuniary interest in an award that may be made to the physically impaired person, for the statute was intended to permit employment of previously impaired persons without the assumption of liability incident to hazards of prior disability for which, less deductions, the Special Indemnity Fund assumed. Special Indemnity Fund v. Bonner et al., 198 Okla. 491, 180 P. 2d 191. The employer has a right to review.

In Special Indemnity Fund v. Wood, 195 Okla. 357, 157 P. 2d 905, the last employer was ordered to pay 350 weeks' compensation; this court declined to permit Special Indemnity Fund to urge that the evidence did not justify such an amount. Special Indemnity Fund was not the party aggrieved by the award as made against the employer. An appellant cannot complain of an error which, if corrected, would result in a greater liability to appellant. Massachusetts Bonding & Ins. Co. v. Satterfield, 188 Okla. 154, 108 P. 2d 218; Mead Bros. v. Watts, 135 Okla. 23, 273 P. 207; Tahona Smokeless Coal Co. v. State Ind. Comm., 141 Okla. 159, 284 P. 51. But the statute grants the employer right of review in such cases.

The applicable statute required the commission to ascertain the per centum of claimant's disability resultant from the latter injury and award compensation therefor against employer, and to make a supplemental award for the material increase of disability, if any, attributable to the combined disabilities, less deductions for the prior compensated injury. This, the commission did not do and for its failure so to do the employer-petitioner is entitled to have the award vacated. It is so ordered.

Upon a remand of the proceeding, the duty devolves upon the commission (1) to assume the verity of its prior order and award that claimant had, at the time of his second injury, a present permanent disability of 7½% to his body as a whole; (2) to find the per centum of claimant's present disability attributable to the subsequent accidental injury; (3) and if by reason of the combination of the two disabilities, the commission finds "that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone", the commission shall make an appropriate award so that "the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this state," and so that "the employee shall receive full compensation . . . for the disability resulting directly and specifically from such subsequent injury, and in addition thereto (the employee shall receive) full compensation for his combined disability . . . after deducting therefrom the per centum of that disability that constituted the employee a 'physically impaired person' ". But in any event, the employer shall "be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment".

Claimant, under the present order, now has at least 15% disability. He is presumed to have also 7½% disability which renders him a physically impaired person. Whether claimant's present disability in total, for which compensation has been assessed wholly against the employer, is to be maintained as made or reduced, is a matter of con-

sideration on further hearing by the commission. Likewise, as to an award against Special Indemnity Fund for a material increase of disability based on combination of disabilities attributed to existing impairment, less deductions.

But the 15% disability wholly attributed to the second injury is probable error. If claimant's combined disability is found by the commission to be "materially greater than that which would have resulted from the subsequent injury alone", an award for such increase, after proper deductions, should be made against the Fund.

"The provision of the Workmen's Compensation Act relating to liability of employer of physically impaired person, receiving accidental injury, was enacted in promotion of public social and industrial welfare to eliminate extra burden assumed by employers of such persons." Special Indemnity Fund v. Sims (1945) 196 Okla. 101, 163 P. 2d 210.

It may be assumed that the petitioner employed claimant, a physically impaired person, in view of the employer's limited liability provided by statute. Having complied with the statute, petitioner, as employer, is entitled to the benefits of the law, as well as the respondent-claimant. If it were not so, the public policy would be defeated and physically impaired persons might again become unemployables.

Public policy is synonymous with the policy of the law, expressed by manifest will of the state. Jacoway v. Denton, 25 Ark. 625. Its principle inhibits that which has a tendency to be injurious to the good of all. Disbrow v. Cass County Sup'rs., 119 Ia. 538, 93 N.W. 585. Public policy is variable insofar as habits and capacities of the public become more varied and complex, but the principle to be applied is unchanged and unchangeable. Wakefield v. Van Tassell, 202 Ill. 41, 66 N.E. 830, 95 Am. St. Rep. 207.

Public policy extends to freedom of contract insofar as private dealing is restricted by law for the good of the community. People's Bank v. Dalton, 2 Okla. 476, 37 P. 807. Yet public policy in the administration of law by the court may be essentially different from what may be public policy in the view of the Legislature. Enders v. Enders, 164 Pa. 266, 30 Atl. 129, 27 L.R.A. 56.

Judicial tribunals often cautiously hold that there is no public policy except what is to be found in statutory laws and the Constitution. Smith v. Du Bose, 78 Ga. 413, 3 S.E. 309, 6 Am. St. Rep. 260. But the public policy of the state has been found in judicial records as well as in the statutes and Constitution. People v. Hawkins, 157 N.Y. 1, 51 N.E. 257, 42 L.R.A. 490; Swann v. Swann (U.S.) 21 Fed. 299. Public policy has been established by general consent as well as by the courts, In re Lampson's Will, 53 N.Y. Supp. 531, 33 App. Div. 49, particularly as declared by the state's highest court, Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 20 Sup. Ct. 33, 175 U.S. 91, 44 L. Ed. 84.

A comparison in the case at bar, governed by the legislative act of 1945, and in Special Indemnity Fund v. Christy et al., 199 Okla. 184, 184 P. 2d 780, governed by the legislative act of 1943, reveals two classes of cases wherein compensation for injury to a physically impaired person varies because subject to a changed public policy under the Workmen's Compensation Law.

Under the first class of cases, Special Indemnity Fund may be liable for a previous impairment, and under the second class, the Fund may not. Since the Fund supplements the employer's liability in such cases, liability of each (the employer's as well as the Fund's) is dependent upon judicial construction of the provisions of the statutory law.

Special Indemnity Fund v. Gambrell, 196 Okla. 203, 164 P. 2d 240, Special Indemnity Fund v. Farmer, 195 Okla. 262,

156 P. 2d 815, Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164 P. 2d 980, relate to the first class of cases and so fall within provisions of the 1943 Act.

It was said in the Hobbs Case that compensation derived from the Fund was not intended to compensate for previous disability as such, but was intended to compensate for the present disability resulting from a combination of two or more injuries; such were the plain terms of the Act, 85 O.S. Supp. 1943 §172.

Nevertheless, the dividing line between disability attributable to the injury for which the present employer would be liable and that part of the present disability attributable to a disease, a condition of birth, an accident, or other cause, for which an award might be made against the Fund is seldom distinct or easily separable. However, the employee shall "receive compensation on the basis of such combined disabilities as is now provided by the laws of this state"; this right of the employee entails decisions that Solomon in all his glory could not accurately make.

The reason for the impossibility of such accuracy also rested in the law for there exists in the judicial annals of this state two, more or less, distinct lines of construction and authority.

The first relates to cases where a pre-existing physical impairment, latent disease, or condition not presently decreasing an employee's earning capacity was aggravated or "lighted up" by accidental injury so that disability, total or partial, resulted, and the employee's decreased earning capacity was the thing to be compensated. The present employer was held liable for the whole of the employee's loss of earning capacity so attributable to the accidental injury. 85 O.S. 1941 §22, sub. 6. Magnolia Petroleum Co. v. Snapp, 149 Okla. 51, 299 P. 137; Fitzsimmons v. State Ind. Comm., 108 Okla. 276, 236 P. 616; Protho v. Nette, 173 Okla. 114, 46 P. 2d 942.

The compensation provided by statute was not a recompense for injuries sustained, but is compensation in lieu of wages. 85 O.S. 1941 §11, Burnett Hauert Lbr. Co. v. Thompson, 185 Okla. 627, 95 P. 2d 630. In Oklahoma Gas & E. Co. v. Slocum, 159 Okla. 245, 15 P. 2d 29, the rule was that employee's disease when injured did not prevent recovery of compensation if effect of injury was to accelerate disease and cause disability.

In some cases there was an effort to restrict the rule to such injuries as fell under the "other case" clause, 85 O.S. 1941 §22, resulting in unclassified disability to the body as a whole, and not attributable to loss of specific members of the body compensated by statutory schedule. But earning capacity affected compensation under "other cases". Pine Valley Lbr. Co. v. Watson, 184 Okla. 498, 88 P. 2d 610; Mid-Union Drilling Co. v. Leech, 188 Okla. 360, 109 P. 2d 499.

The other class of decisions, inclusive of injuries under the "other cases" clause of the statute, commenced with Noel v. Potts, 157 Okla. 136, 11 P. 2d 137, and included Schoenfield & Hunter v. Combs, 167 Okla. 397, 30 P. 2d 162; Washita County Gin Co. v. Colbert, 162 Okla. 276, 19 P. 2d 1080; Conlin v. Guckian, 163 Okla. 193, 21 P. 2d 740; Tulsa Boiler & Mach. Co. v. Simmons, 163 Okla. 138, 21 P. 2d 759. These related to pre-existing diseased or physically impaired workmen who suffered in industrial employment compensable accidental injuries. In this class, a rule of law was invoked whereby the employer's liability for compensation was limited, not to the present loss of earning capacity, but only to that part of disability attributable to the accidental injury.

The vacillation between the two lines of decisions may have resulted in industry's general disinclination, because of liability for increased compensation, to employ physically impaired persons.

As a consequence of public weal, the Legislature, in its wisdom, enacted the statute of 1943. The Act stood as an inducement to industry for the employment of impaired persons who otherwise would burden the state.

That an undue burden, by the Act of 1943, rested on the Special Indemnity Fund, was probably legislatively ascertained, for in 1945, 85 O.S. Supp. §172 became the governing statutory law. Under provisions of the subsequent act, compensation from the Fund flowing to physically impaired persons, resulting from an accidental injury, was limited so that the "per centum of that disability that constituted the employee a 'physically impaired person'" is to be deducted from the combined disability after the injury, before the employee is compensated by an award to be paid from the Fund. The employer, under the act, continues to be liable for that portion of the combined disability resulting from the injury and attributable to the accidental injury. The liability of the Fund supplements the employer's liability and the employee receives full compensation to which he is entitled.

The variation in liability, dependent upon disability or loss of wage-earning capacity, has largely been eliminated by the Act of 1945. Full compensation to be paid physically impaired persons on account of accidental injuries arising out of hazardous occupations is rendered nonetheless difficult but more certain under the present public policy so constructed. But see Special Indemnity Fund v. Bonner et al., supra.

In order to accomplish the purpose of the Act, the commission is directed to vacate its order dismissing from the proceedings the Special Indemnity Fund and to reinstate it as a party, and to proceed.

Order and award vacated.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, and LUTTRELL, JJ., concur.