SPECIAL INDEMNITY FUND v.
BRYANT et al.

No. 35017.    Jan. 15, 1952.

*239 P. 2d 1014.*

Mont R. Powell, Anthony R. Kane, and Sam Hill, Oklahoma City, for petitioner.

Williams & Hansen, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, V. C. J.  This is an original proceeding brought by Special Indemnity Fund of the State of Oklahoma, administered by the State Insurance Fund, to review an award made against it in favor of H. H. Bryant.

On February 3, 1950, claimant filed his first notice of injury and claim for compensation, stating that while employed by Denison Motor Company he sustained an accidental injury arising out of and in the course of his employment when he injured his leg and back.  On June 13, 1950, the State Industrial Commission entered an order approving a settlement on a joint petition, and claimant was paid the sum of $4,500 by reason of such settlement. Thereafter, on October 30, 1950, an award was made against Special Indemnity Fund, which reads in part as follows:

"That as a result of the combination of the injury and disability of the prior injury to his left eye, which condition and disability existed on January 18, 1950, and the injury to his left leg sustained on January 18, 1950, the claimant has sustained a 40 per cent permanent partial disability to the body as a whole to do and perform ordinary manual labor as shown and determined from the medical and lay testimony offered; and that the claimant should be compensated therefor out of the Special Indemnity Fund, less deductions as provided by the Workmen's Compensation Law, to-wit: 40% to the body as a whole or 200 weeks, less the award for the injury of January 18, 1950, being 25% to the left leg or 43.75 weeks, and less the percentum of disability constituting claimant a physically impaired person on January 18, 1950, being 100 weeks for total loss of industrial blindness of the left eye, the claimant being entitled to a net award against the Special Indemnity Fund of 56.25 weeks, or the total sum of $1406.25.

"It is therefore ordered by the trial commissioner, that within twenty days from the date of filing of this order, the Special Indemnity Fund begin paying claimant compensation at $25.00 per week, and continue paying claimant compensation at the rate of $25.00 per week until the total sum of $1406.25 has been paid; less the sum of $14.06 to be deducted from said award and paid to the Special Indemnity Fund, same being 1%.

"It is further ordered, that the sum of $275.00 is a just and reasonable attor-

ney fee for Williams and Hanson, same being equivalent to eleven weeks compensation and that said fee should be paid to claimant's attorneys, Williams and Hanson, at the rate of $25.00 per week, commencing now, same to be deducted from the latter end of this award, but paid weekly, until the total sum of $275.00 has been paid."

The Special Indemnity Fund has brought this proceeding to review the award. It is first argued that the State Industrial Commission erred in ordering eleven payments of $25 each paid from the latter end of the award as attorneys' fees. It cites Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164 P. 2d 980. Respondents in effect admit the force of petitioner's argument and state that this case should be overruled. Therein the court stated:

" . . . However, the language of Title 85, O.S. Supp. 1943 §172, is mandatory in directing the payments to be made in periodical installments and prevents the commutation of the award to a lump sum. The provisions of the order requiring the attorneys' fees to be paid from the latter part of the award is approved, but the order should provide that such payment be made in periodical installments as provided by the statute for the payment of compensation to the claimant. The order is modified to that extent."

It is pointed out in Special Indemnity Fund v. Hobbs, supra, in discussing the statute then applicable, that payments cannot be commuted to a lump sum; that attorneys' fees must be paid periodically as payments are made to claimant, but that such fee may be paid from the latter end of the award. Petitioner asserts that the order allows "double compensation." With this we agree. Subd. 5 of §22, Title 85, O.S. 1941, provides that the compensation payments under the provisions of the Workmen's Compensation Act shall not exceed $25 per week. The order of the Industrial Commission requiring that the payment of the attorneys' fee begin immediately would necessitate the payment of $50 per week out of the Special Indemnity Fund; so that part of the commission's order which required that payment of the attorneys' fee commence now is unauthorized, and should be stricken, since the payments that go to the attorneys are compensation payments.

In the second proposition petitioner argues that since the award against it was entered after settlement on joint petition, the payments made by the Special Indemnity Fund should be delayed until such time as the periodical payments made at the rate of $25 per week on the order for joint settlement against the petitioner should have run. Petitioner admits that this is a matter of equity and that it has been unable to support the same by any authority. We have held that the payments provided for in an award can be made only in accordance with statutory authority. The statute, §172, supra, provides as follows:

" . . . After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Sec. 3 of this Act, in periodical installments and without commutation thereof to a lump sum."

85 O. S. 1941 §84 authorizes settlement on joint petition and authorizes payment in lump sum. Such sum has been paid in the case at bar. Under the specific provision of 85 O. S. 1945 Supp. §172, quoted above, the State Industrial Commission did not err in ordering the payments of the award against Special Indemnity Fund to continue immediately.

The award, as modified, is sustained.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. BINGAMAN, J., dissents.