**Roy TAYLOR, Petitioner,**

v.

**SPECIAL INDEMNITY FUND, and the Workers' Compensation Court, Respondents.**

**Nos. 70567, 70568 and 70314.**

Supreme Court of Oklahoma.

Oct. 9, 1990.

Rehearing Denied Feb. 12, 1991.

Bay, Spears, Lees & Verity by Larry M. Spears and Bruce F. Klein, Oklahoma City, for petitioner.

State Insurance Fund by Robert Highsaw, Oklahoma City, for respondent Sp. Indem. Fund.

HODGES, Justice.

This appeal presents only one issue: whether it is mandatory for fees for legal services to be commuted to a lump sum when the claimant is awarded permanent total disability benefits against the Special Indemnity Fund.

The undisputed facts are that Roy Taylor, Don Orr, and Robert L. Wilson (collectively, Claimants) were awarded permanent total disability (PTD) compensation from the Special Indemnity Fund (Fund). Taylor's and Orr's attorney fees were ordered to be paid in periodic payments while Wilson's attorney fees were commuted to a lump sum.

All three orders were timely appealed, and the cases were consolidated. The Court of Appeals held that Okla.Stat. tit. 85, § 172 (1981) and *Special Indemnity Fund v. Hobbs*, 196 Okla. 318, 164 P.2d 980 (1945), prohibit lump-sum payment of attorney fees from the Fund.

The issue presented apparently brings two statutes into conflict. Section 30 of the Workers' Compensation Act (the Act) provides that "[c]laims for legal services for permanent total disability awards or death awards may be paid in a lump sum which shall be deducted from the periodic compensation payments at a rate of ten percent (10%) per payment until the attorney fee is satisfied." Okla.Stat. tit. 85, § 30 (1981). We construed this statute in *Chamberlain v. American Airlines*, 740 P.2d 717 (Okla.1987), and held that, when a claimant is awarded PTD compensation, section 30 mandates that the legal fees be commuted to a lump sum.

In contrast section 172 states that "[i]n permanent total disability cases the [compensation paid from the Fund] shall be paid in periodic payments, as set forth in section 22 of the title, and shall not be commuted to a lump-sum payment." The respondents argue that attorney fees are part of the compensation and that this statute prohibits the commutation of legal fees when an award is made from the Fund.

■ The general rule that a particular statute controls and acts as an exception to a general statute is set out in *Williamson v. Evans*, 319 P.2d 1112 (Okla.1957):

A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject matter, prevails over a general statute which does not refer to the particular subject matter, but does contain language which might be broad enough to cover the subject matter if the special statute was not in existence.

*Id.* at 1113. We restated the rule in *State ex rel. White v. Beeler*, 327 P.2d 664 (Okla. 1958):

Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject matter, and the the general statute does not apply.

*Id.* at 665.

■ The particular subject matter of this case is attorney fees paid from the Fund. Section 30 was enacted primarily to deal with attorney fees and does not distinguish between cases against employers and the Fund. Also, section 30 exclusively establishes the maximum amount of legal fees that an attorney can collect, whether the fees must be paid periodically or in a lump sum, and the means by which an employer, an insurance carrier, or the Fund can recoup the attorney fees after an award is made. Section 30 is the only statute in the Act which directly addresses attorney fees.

Section 172 was enacted primarily to provide adequate compensation to disabled employees who suffer a subsequent injury which results in additional disability and to establish the liability of the employer, or the insurance carrier, and the Fund. While section 172 specifically requires claimant's awards be made in periodic payments, it is conspicuously silent on attorney fees and the method of their payment. Section 172 contains language broad enough to cover attorney fees after an award from the Fund, but "does not refer to the particular subject matter." Even if section 172 can be construed to include attorney fees within its scope, it does so indirectly and without the comprehensiveness or particularity of section 30.

Because section 30 is a more specific statute on the award of attorney fees and does not distinguish between awards against employers, insurance carriers, and the Fund and because section 172 is silent on the method of payment of attorney fees, section 30 controls over section 172 as to the method of payment of attorney fees. Therefore, we hold that attorney fees after an award from the Fund must be paid in a lump sum. This holding is made after balancing the policy against depleting the Fund against the policy underlying section 30, that is to insure that legal fees are paid and that claimants have competent legal representation. A contrary result would discriminate and unjustly penalize an attorney, and indirectly a claimant, in a PTD claim against the Fund.

The Fund relies on *Special Indemnity Fund v. Hobbs*, 196 Okla. 318, 164 P.2d 980 (1945), and *Special Indemnity Fund v. Bryant*, 205 Okla. 630, 239 P.2d 1014 (1952). These cases are not controlling authority for the case at bar. At the time *Hobbs* was decided, section 30 did not include a provision for lump-sum payments of attorney fees after a PTD award. *See*, Okla.Stat. tit. 85, § 30 (1941). Since the 1977 amendment of section 30, we are faced with a potential statutory conflict which we were not faced with in *Hobbs*. *Bryant* is distinguishable in that it held only that the combined payments to the claimant and his attorney could not exceed the statutory maximum benefit. Because these two cases are not applicable to the

present case, they do not affect our decision.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; CAUSE REMANDED WITH INSTRUCTIONS TO COMMUTE ATTORNEY FEES TO LUMP–SUM PAYMENTS.

HARGRAVE, C.J., and DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

OPALA, V.C.J., and LAVENDER, SIMMS and SUMMERS, JJ., dissent.

KAUGER, Justice, concurring.

I concur with the majority opinion for the reasons expressed therein. My concurrence is further compelled because of the Okla. Const., art. 5 § 46—it prohibits the passage of a special law regulating the . practice of law.

OPALA, Vice Chief Justice, with whom LAVENDER, SIMMS and SUMMERS, Justices, join, dissenting.

The court appears to hold that, whenever claimant's adjudged disability is permanent and total, a counsel-fee award against the Special Indemnity Fund [Fund] must be commuted to a lump sum. I cannot accede to today's pronouncement. *Unlike* the *general* provision of workers' compensation law (85 O.S.1981 § 30),[1] which *expressly sanctions* lump-sum payments to satisfy an attorney's fee award in ordinary claims against the employer, the *specific*, self-containing statute (85 O.S.1981 § 172),[2] which *governs* the Fund's liability in suit to the

---

**1.** The pertinent terms of 85 O.S.1981 § 30 provide:

"If the Court before which any proceedings for compensation or concerning an award of compensation have been brought, under the Workers' Compensation Act, determines that such proceedings have not been brought on a reasonable ground or that denial of benefits has not been based on a reasonable ground, the Court shall assess the total cost of the proceedings on the party, who has brought them or the party who has unreasonably denied payment of benefits. * * * *Claims for legal services for temporary disability awards shall be paid periodically. Claims for legal services for permanent partial disability awards may be paid in a lump sum the same to be deducted from the end of the award.*

Claims for legal services for permanent total disability awards* or death awards *may be paid in a lump sum which shall be deducted from the periodic compensation payments at a rate of ten percent (10%) per payment until the attorney fee is satisfied."* (Emphasis added.)

**2.** The pertinent terms of 85 O.S.1981 § 172, the statute in force at the time of claimants' injuries in suit, provided:

"* * *

"B. * * * In *permanent total disability cases* the same [the amount of compensation payable by the Special Indemnity Fund] *shall be paid in periodic payments* ... and *shall not be commuted to a lump-sum payment. * * * *"* (Emphasis added.)

exclusion of all others, explicitly prohibits commutation of any part of a permanent total disability adjudication. *In short, the controlling norm of our statutory law interdicts the acceleration of all periodic payments due from the Fund for satisfaction of permanent total disability.*

Liability of the Special Indemnity Fund is *derivative, separate* and *self-containing.*[3] Indeed, the Fund was established as a scheme of benefits *supplementary* to the compensation regime which governs employers. The Fund's obligation is controlled by free-standing provisions that are *not amendatory* of the workers' compensation law.[4] They do not modify benefits awardable against the employers, but rather shift—from the last employer to the Fund—only that liability which is attributable to the worker's "increased" permanent disability.[5]

The Workers' Compensation Court is a tribunal of *legislative* creation; its authority to accelerate payments of adjudicated benefits—nay, to exercise *any* judicial power—is *completely dependent* upon statutory sources.[6] In the absence of a legislative norm that either expressly or impliedly confers upon it the requisite authority to act, the court is utterly powerless.

It is hornbook law that a provision like § 172—one enacted for the primary purpose of dealing with a particular, narrow subject—will control over any general legislation—such as that embodied in § 30—even though the latter may contain language broad enough to serve as the applicable legal norm if the more specific statute had not been in force.[7] The terms of § 172 do not authorize a counsel-fee commutation of the Fund's liability that is here in dispute. The *general* commutation provisions of § 30, *which regulate proceedings against employers only,* are clearly contrary to those in § 172. The former are hence *unavailable* against the Fund. The latter enactment—one of *special* application to the Fund—controls over the former, which is *general* and invocable only against affected employers of covered workers.

I would vacate the trial judge's commutation order and direct that the award's periodic payment schedule be adapted to satisfy the counsel-fee portion.

---

3. *Cameron & Henderson v. Franks,* 199 Okl. 143, 184 P.2d 965, 970–971 (1947); *Levi v. Special Indemnity Fund,* Okl., 389 P.2d 620, 622 (1964); *Reynolds v. Special Indem. Fund,* Okl., 725 P.2d 1265, 1268 (1986).

4. *Special Indemnity Fund v. Barnes,* Okl., 434 P.2d 218, 220 (1967).

5. *Special Indemnity Fund v. Barnes, supra* note 4 at 220; *Special Indemnity Fund v. Davidson, infra* note 6 at 1018.

6. *Special Indemnity Fund v. Davidson,* 196 Okl. 118, 162 P.2d 1016, 1018 (1945).

7. *Parks v. Stith,* 204 Okl. 625, 232 P.2d 614, 614–615 (1951) (the court's syllabus ¶ 2); *State v. O'Bannon,* 182 Okl. 173, 77 P.2d 70 (1938) (the court's syllabus ¶ 1).