## SPECIAL INDEMNITY FUND, Petitioner,

v.

## Herman E. NEAL and The Workers' Compensation Court, Respondents.

### No. 77757.

Court of Appeals of Oklahoma, Division No. 2.

April 28, 1992.

**436**

## MEMORANDUM OPINION

BOUDREAU, Judge.

Petitioner, Special Indemnity Fund, appeals from an order of the workers' compensation court awarding attorney fees to Claimant Herman E. Neal's attorney based on a finding of permanent total disability. Having reviewed the record and applicable law, we vacate the award of attorney fees.

Claimant brought this action against the fund seeking a determination that he was a previously impaired person. The trial court entered an order finding Claimant to be permanently and totally disabled. The trial court awarded him compensation at the rate of $173.00 per week from the date of the order and continuing for a period of

five years or until the claimant reached the age of 65 years, whichever should come later. Since Claimant was sixty-four at the time of the hearing, he could receive compensation for a maximum of five years.

The trial court also ordered the Fund to pay Claimant's attorney a lump sum of $17,300 as a fair and reasonable attorney fee. This amount represents over 38% of the maximum benefits that Claimant can receive from the Fund.[1] The court provided for recoupment of this amount by the Fund at the rate of every fifth weekly check.[2] The Fund now appeals from this order.

The Fund claims that the attorney fee award exceeds the maximum award of attorney fees allowed by the Workers' Compensation Act. Section 30 of the Act provides as follows:

> A claim for legal services shall be determined by the Court on a quantum meruit basis; provided, that such claim shall not exceed ten percent (10%) of the amount of the award for temporary disability and shall not exceed twenty percent (20%) of the amount of the award for permanent disability or death benefits.

85 O.S.1991 § 30. Section 30 "exclusively establishes the maximum amount of legal fees that an attorney can collect." *Taylor v. Special Indemnity Fund,* 804 P.2d 431, 432 (Okla.1990). "[T]he combined payments to the claimant and his attorney [cannot] exceed the statutory maximum benefit." *Id.* (citing *Special Indemnity Fund v. Bryant,* 205 Okla. 630, 631, 239 P.2d 1014, 1016 (1952)).

■ We agree with the Fund that the amount of the attorney fee award exceeds the 20 percent maximum amount allowed by section 30. The award to Claimant approximates 38 percent of the amount of compensation to which Claimant is entitled

---

1. According to the Fund's calculations, to which Claimant has not objected, the maximum possible award which Claimant may receive as benefits from the Fund is $45,153. The lump-sum award of $17,300 in attorney fees represents 38.3 percent of Claimant's total award.

2. We note that section 30 provides for recoupment at a rate of 10 percent per payment until the attorney fee is satisfied. Therefore, the 20 percent recoupment in this case exceeds the statutory limit. However, Claimant did not properly preserve this as an error on appeal by filing a counter-petition in error. Therefore, we do not address it.

from the Fund. The combined payments to Claimant and his attorney exceed the maximum benefits authorized by statute.

Claimant relies on *Taylor*, 804 P.2d at 431, to support the correctness of the trial judge's award of attorney fees.[3] However, the sole issue presented for review in *Taylor* was the issue of "whether it is mandatory for fees for legal services to be commuted to a lump sum when the claimant is awarded permanent total disability benefits against the Special Indemnity Fund." *Id.* The supreme court did not address the issue of the correctness of the amount of the attorney fee awarded. Claimant's reliance on that case is misplaced.

█ The Fund also alleges that the trial court erred in not determining the amount of attorney fees on a quantum meruit basis as required by section 30. However, the Fund did not raise the issue of the lack of an evidentiary hearing on the reasonable value of the attorney's services before the trial court. Therefore, we find that the issue was not properly preserved for review.

The maximum award Claimant may receive from the Fund is $45,153.00. Claimant's attorney is entitled to a reasonable fee, payable in a lump sum, not to exceed twenty percent of this figure or $9030.60.

The award of attorney fees is vacated and the cause is remanded to the trial court to enter an award of attorney fees in conformity with this opinion.

RAPP, P.J., and BRIGHTMIRE, J., concur.

---

**3.** Claimant attached an order from the trial court in one of the three cases which were consolidated in *Taylor*. According to Claimant, the order shows that the attorney fee award in *Taylor* was similar to the award in the case at bar. However, the order was not relied upon by the supreme court, nor was it even discussed. Therefore, we do not find it relevant to the case at bar.