Dear Representative Lindley
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Do the duties of the Advisory Committee on Medical Care forPublic Assistance Recipients include a duty to review and makerecommendations on the placement of drugs on the Medicaid priorauthorization program proposed by the Drug Utilization ReviewBoard prior to the consideration of such recommendations by theOklahoma Health Care Authority?
¶ 1 A function of the Oklahoma Health Care Authority ("Authority") is to administer the Medicaid program in the State of Oklahoma. 63 O.S. 2001, § 5006[63-5006] (A)(1), (3). Federal regulations require all states participating in the Medicaid program to provide for a medical care advisory committee to advise the administering agency about health and medical care services. 42 C.F.R. § 431.12(a), (b) (2001). The committee must have the opportunity for participation in policy development and program administration. Id. § 431.12(e).
¶ 2 In response to this mandate, the Legislature created the Advisory Committee on Medical Care for Public Assistance Recipients ("Advisory Committee"). 63 O.S. 2001, § 5009.2[63-5009.2]. The Legislature directed that:
 B. The Advisory Committee shall meet bimonthly to review and make recommendations related to:
1. Policy development and program administration;
 2. Policy changes proposed by the Authority prior to consideration of such changes by the Authority;
 1. Financial concerns related to the Authority and the administration of the programs under the Authority; and
 2. Other pertinent information related to the management and operation of the Authority and the delivery of health and medical care services.
Id.
¶ 3 Furthermore, the Legislature has said, "The Authority shall give due consideration to the comments and recommendations of the Advisory Committee in the Authority's deliberations on policies. . . ." Id. § 5009.2(D).
¶ 4 In addition to the Advisory Committee, federal law requires that all participating states provide for a drug use review board. 42 U.S.C. 1396r-8(g)(3)(A) (2001). In order to meet this requirement, the Oklahoma Legislature created the Medicaid Drug Utilization Review Board (DUR Board). 63 O.S. 2001, §§5030.1-5030.5[63-5030.1-5030.5]. The DUR Board is comprised of four physicians, four licensed pharmacists, one health care professional to represent the lay community, and one person representing the pharmaceutical industry. Id. § 5030.1(B). The DUR Board is responsible for making recommendations to the Authority regarding the placement of drugs on the prior authorization program. Id.
§ 5030.3(A)(6). The prior authorization program is a compilation of drugs and drug classes that must be approved by the Authority before they may be dispensed. Id. § 5030.5(C); see OAC317:1-3-3.2(d). The Legislature has set forth specific criteria to be considered and procedures to be followed by the DUR Board when making its recommendations. Id. § 5030.5(B). The DUR Board must make a statement of cost and clinical efficacy for each drug placed on the prior authorization program. Id. § 5030.5(B)(1). Also, it must make its recommendations in light of utilization criterion standards it has developed for purposes of the retrospective and prospective drug utilization review program.Id. § 5030.5(B)(3). Prior to making its recommendations, the DUR Board must solicit public comment on the changes it suggests.Id. § 5030.5(B)(2). The Authority may accept or reject the recommendations of the DUR Board in whole or in part, and may amend or add to such recommendations. Id. § 5030.5(C).
¶ 5 The object of statutory interpretation is to discern legislative intent. Neer v. Okla. Tax Comm'n, 982 P.2d 1071,1078 (Okla. 1999) (citation omitted). Where a statutory provision is plain and unambiguous, and the meaning clear and unmistakable, no justification exists to substitute a different meaning Id.
(citation omitted). When reviewing a statute for its meaning, relevant provisions must be considered together, where possible, to give force and effect to both. Ledbetter v. Okla. AlcoholicBeverage Laws Enforcement Comm'n, 764 P.2d 172, 179 (Okla. 1988) (footnote omitted).
¶ 6 It is a rule that a specific statute controls and acts as an exception to a general statute. Taylor v. Special Indem.Fund, 804 P.2d 431, 432 (Okla. 1990) (citation omitted). The Oklahoma Supreme Court held:
 Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject matter, and [that] the general statute does not apply.
Id. (quoting State ex rel. White v. Beeler, 327 P.2d 664,665 (Okla. 1958).
¶ 7 The Advisory Committee has a general mandate to review program administration and policy changes. 63 O.S. 2001, §5009.2[63-5009.2] (B). However, the Legislature has assigned the particular task of developing a prior authorization program to the DUR Board. Id. § 5030.3(A)(6). The Legislature has set forth specific criteria for the DUR Board to consider when fulfilling this mission. Id. § 5030.5(B). The statute directs the DUR Board to "[m]ake recommendations regarding the prior authorization of prescription drugs" directly to the Authority and makes no mention of the Advisory Committee. Id. § 5030.3(A)(6).
¶ 8 Through the Advisory Committee and the DUR Board, the Legislature has developed a comprehensive scheme to assist in the administration and policy development of the Medicaid program. Within that scheme, the Legislature has indicated that the DUR Board is to bear the responsibility of placing drugs and drug classes on the prior authorization program. Given the specific nature of the DUR Board's mission, this delegation of authority works to relieve the Advisory Committee of its general obligations to review and make recommendations on policy changes and program administration in so far as such policy change or program administration involves a duty specifically delegated to the DUR Board. Therefore, the DUR Board has the specific statutory obligation to make recommendations on the placement of drugs on the Medicaid prior authorization program.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Advisory Committee on Medical Care for Public AssistanceRecipients, created at 63 O.S. 2001, § 5009.2[63-5009.2], does not havea statutory duty to review and make recommendations on theplacement of drugs on the Medicaid prior authorization programproposed by the Drug Utilization Review Board, created at 63O.S. 2001, §§ 5030.1-5030.5[63-5030.1-5030.5], prior to the consideration ofsuch recommendations by the Oklahoma Health Care Authority.
W.A. DREW EDMONDSON Attorney General of Oklahoma
D. CASEY DAVIS Assistant Attorney General